UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUVASIVE, INC.,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>ALPHATEC HOLDINGS, INC., ET AL.,<br><br>　　　　　　　　Defendant. | Case No.: 18-cv-0347-CAB-MDD<br><br>**ORDER ON JOINT MOTON FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[ECF NO. 117]** |

Before the Court is the Joint Motion of the parties for determination of a discovery dispute filed on October 19, 2018. (ECF No. 117). This is a patent case and the joint motion presents Defendant Alphatec's motion to compel further responses to eleven requests for production of documents and three interrogatories.

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in

1

evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

An interrogatory may relate to any matter that may be inquired of under Rule 26(b). Fed. R. Civ. P. 33(a)(2). The responding party must answer each interrogatory by stating the appropriate objection(s) with specificity or, to the extent the interrogatory is not objected to, by "answer[ing] separately and fully in writing under oath." Rule 33(b). The responding party has the option in certain circumstances to answer an interrogatory by specifying responsive records and making those records available to the interrogating party. Rule 33(d).

Similarly, a party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the

document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

## DISCUSSION

A. REQUESTS FOR PRODUCTION ("RFPs")

1. RFP No. 1

Alphatec requests the production of all information produced by Plaintiff NuVasive in any opposition, litigation, patent office or other proceedings relating to the validity, enforceability, infringement and other aspects of the patents-in-suit. NuVasive's objection that the term "produced" is vague, is frivolous. NuVasive responded that it has responsive information but only in electronic format and has invited Alphatec to meet and confer regarding that information.

This Court subscribes to the view expressed in Principle No. 6 of the Sedona Principles:

> Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information.

*The Sedona Principles, Third Edition*, 19 SEDONA CONF. J. 1, Principle 6, 118 (2018). The Court also subscribes to Principles 1 and 3 which provide that electronic discovery is generally subject to the same discovery requirements as other relevant information and that the parties should seek to reach agreement regarding production of electronically stored information. *Id.* at 56, 71.

The parties refer to the Court's Model Order Governing Discovery of Electronically Stored Information in Patent Cases appended to the Patent Local Rules. Although the applicability of the Model Order was discussed in the parties' Joint Discovery Plan, no version of the Order, or any Order

3

governing ESI production, appears to have been filed or granted by the Court. Accordingly, the provisions of the Model Order are not relevant.

The result is that NuVasive is obligated to search its data, collect and produce relevant, non-privileged information even without input from Alphatec. NuVasive cannot delay production because Alphatec declines to offer search terms. Alphatec, on the other hand, runs the risk that by not participating in the process, any challenge it may raise to the reasonableness of NuVasive's search may be viewed with some skepticism. NuVasive's objections are overruled.

### 2. RFP No. 2

Alphatec seeks production of information regarding any transfer of rights, assignment, license, proposed license, offer to assign or license, sale, offer to sell, request for license, grants of rights, covenants not to sue, indemnities, agreements not to assert patent rights, or settlements NuVasive entered into the field of spinal fusion surgery, including but not limited to, with respect to any of the patents-in-suit, any patent application leading to the patents-in-suit, any related patent applications and patents, any foreign counterparts, and/or any embodying product.

NuVasive, in response, has agreed to produce all executed patent license agreements in the field of spinal fusion surgery and to produce executed agreements, "however titled, responsive to this request that related to the patents-in-suit or related patents." (ECF No. 117 at 22).[1] Alphatec believes that it is entitled to more and that the information is relevant to damages. The Court finds that NuVasive's agreement is sufficient to provide

---

[1] The Court will refer to page numbering supplied by CM/ECF rather than original pagination throughout.

Alphatec what it needs. The Court finds that draft offers and draft licenses need not be produced. The Court is not convinced of the relevance of draft documents nor convinced that the effort of finding them is proportional to the needs of the case.

NuVasive also has agreed to contact third parties implicated by these disclosures to the extent that the agreements to be produced have confidentiality clauses. Issues regarding such disclosures are not properly before the Court at this time. Alphatec's motion to compel a further response, beyond NuVasive's agreement is denied. To the extent this information is stored electronically, NuVasive is not relieved of its obligation to collect, analyze and produce such information that is responsive, relevant and non-privileged.

### 3. RFP No. 3

This RFP is related to RFP No. 2. Alphatec seeks production of documents reflecting payments made by sale or royalty for the agreements produced in connection with RFP No. 2. NuVasive has agreed to produce this information consistent with its agreement to produce the underlying agreements. Alphatec complains that NuVasive intends to produce this information in a summary format as opposed to the actual transaction documents. The Court finds that a summary production is sufficient at this time. If Alphatec, after receipt and review of the summary documents is unsatisfied, the parties must meet and confer and agree on a number of transactions for which NuVasive will produce the underlying documentation to verify that the summary provided is accurate. NuVasive also has agreed to contact third parties implicated by these disclosures to the extent that the agreements to be produced have confidentiality clauses. Issues regarding such disclosures are not properly before the Court at this time. To the extent

this information is stored electronically, NuVasive is not relieved of its obligation to produce such information.

### 4. RFP No. 5

Alphatec requests that NuVasive produce all documents, communications, and things concerning NuVasive's retention of, agreements with, and/or payments to surgeons in the field of spinal fusion surgery, including but not limited to the surgeons NuVasive identified in its preliminary injunction briefing and supporting declarations in this case. NuVasive objects primarily for relevance but has agreed to produce executed agreements with surgeons identified in its preliminary injunction briefing.

The Court has reviewed the operative First Amended Complaint (ECF No. 110), the Answer to the First Amended Complaint (ECF No. 114), Alphatec's Amended Counterclaims (ECF No. 125), and the relevant preliminary injunction briefing (ECF No. 77). The Court finds that Alphatec has not demonstrated the relevance of the requested documents to any claim or defense currently extant. NuVasive did refer to certain surgeon agreements in its preliminary injunction briefing. NuVasive's agreement to produce the agreements with these surgeons is sufficient, considering that the preliminary injunction was denied by the Court. At this point, the case involves allegations of patent infringement and responsive claims of invalidity. There are no claims regarding contractual interference with surgeons. Alphatec's motion to compel a further response, beyond that promised by NuVasive, is denied.

### 5. RFP No. 6

Alphatec requests that NuVasive produce all documents regarding the Society of Lateral Access Surgery. Alphatec claims that these documents are relevant to issues regarding why surgeons use NuVasive products. NuVasive

6

asserts objections primarily based upon relevance. NuVasive agrees that it must produce, in connection with other RFPs, documents reflecting marketing and outreach, but assert that all documents regarding the Society is hopelessly overbroad. The Court agrees that Alphatec has not adequately demonstrated relevance and, in any event, requesting production of "all documents," without any obvious connection to any claim or defense and only a tenuous connection to damages, is overbroad.

6. <u>RFP No. 7</u>

Alphatec requests that NuVasive produce all documents, communications, and things concerning any government investigation of NuVasive regarding sales, marketing, and/or payments to surgeons in the field of spinal fusion surgery. NuVasive objects for relevance. Alphatec has not demonstrated the relevance of a 2015 government investigation of NuVasive's sales and marketing practices to the claims and defenses in this case. Alphatec's allegedly infringing products were not introduced into commerce until years later. NuVasive's relevance objection is sustained.

7. <u>RFP No. 8</u>

Alphatec requests that NuVasive produce all documents, communications, and things concerning the ownership, including any assignments, of the patents-in-suit. NuVasive asserts that it has produced all ownership documents regarding the patents-in-suit, including patent assignments and has nothing else to produce. Alphatec is unsatisfied with that response but has not identified anything specific that may be missing. No further response is required from NuVasive.

8. <u>RFP No. 11</u>

Alphatec requests that NuVasive produce all documents, communications, and things concerning NuVasive's analysis or projections

7

regarding the financial impact and duration on NuVasive's business of the alleged infringement of each of the patents-in-suit by Alphatec.

To some extent, this dispute is similar that addressed by the Court regarding RFP No. 1. The information is relevant. NuVasive cannot decline to produce relevant, non-privileged information in its possession because it is electronically stored or because Alphatec has not suggested a custodian or search terms. It is up to NuVasive to identify relevant custodians and use a reasonable method to search its data for responsive information. And, to the extent NuVasive produces summary information, and Alphatec expresses a legitimate concern regarding its accuracy, the parties should agree on the production of certain underlying data to verify the summary data provided.

9. RFP No. 12

Alphatec requests that NuVasive produce all documents, communications, and things concerning or comprising any financial documents, including but not limited to, budget forecasts and competitive analyses, concerning the patents-in-suit, any accused product, any embodying product, or any competing product. This RFP presents virtually identical issues as addressed in connection with RFP No. 11, above. The same analysis and rulings holds here.

10. RFP Nos. 14 and 15

Alphatec requests that NuVasive produce all materials that have been made by, reviewed by, or provided to any witness who has provided testimony in or may be called to testify as a witness in this case and all materials relating to facts or data considered by any witness who has provided testimony in or will testify in this case. NuVasive has agreed to produce all documents referenced by any witness in any filing in this case but otherwise argues that the requests are overbroad. The Court agrees. Disclosure of

facts and data relied upon by expert witnesses is governed by Rule 26(a)(2)(B)(ii), Fed. R. Civ. P., and the Court expects full compliance in that regard. Otherwise, the requests are overbroad and not enforceable.

### B. INTERROGATORIES

#### 1. Interrogatory No. 6

Alphatec asks NuVasive, for each asserted claim of the patents-in-suit, to identify and describe any investigations, evaluations, or opinions relating to the validity, patentability, and/or enforceability of such claim, whether performed by NuVasive or any other entity; identify all persons with knowledge of such investigations, evaluations, or opinions; identify the persons most knowledgeable regarding such investigations, evaluations, or opinions; and identify all documents concerning the results, whether preliminary, interim, or final, of such investigations, and/or containing such evaluations or opinions.

The primary dispute here is over NuVasive's assertions that it has provided all investigations, evaluations or opinions relating to validity, patentability and enforceable that have been specifically commissioned or undertaken by NuVasive or on its behalf. Alphatec asserts that the phrasing suggests that NuVasive is hiding something. Without more, the Court finds NuVasive's response sufficient in that regard.

A secondary dispute is over NuVasive's use of Rule 33(d) to respond, in part, to this Interrogatory. Although the reference is lengthy, Alphatec's challenge appears perfunctory and NuVasive's explanation regarding the sufficiency of the Rule 33(d) references adequate. To the extent that relevant documents may be publicly available, a party is not relieved of the requirement of producing such documents as may be in the party's possession. If NuVasive has copies of the relevant documents, they must be

9

produced.

A tertiary dispute is that NuVasive did not specifically identify "all persons" with knowledge of the investigations, and identify "persons most knowledgeable" about the investigations. The request to identify "all" of anything, under these circumstances, is overbroad on its face. And, NuVasive's response that the persons identified in the Rule 33(d) documents are those with knowledge, is sufficient.

### 2. Interrogatory No. 7

Alphatec asks NuVasive to identify all prior art and documents, communications, or things potentially constituting prior art of which NuVasive is aware for each of the patents-in-suit, any patent application leading to the patents-in-suit, any related patent applications and patents, and any foreign counterparts; identify all persons with knowledge regarding such prior art and potential prior art; and identify the persons most knowledge regarding such prior art and potential prior art.

NuVasive asserts that it has identified all prior art of which it is aware. The dispute is over the way NuVasive said it to Alphatec – that it had not intentionally withheld any prior art from the U.S. Patent and Trademark Office. With NuVasive's current clarification, there appears no real dispute here. Alphatec challenges NuVasive's use of Rule 33(d) but without specifics and challenges NuVasive's direction that relevant documents are publicly available in the patent proceedings of the relevant patents. The fact that documents may be publicly available does not relieve a party of producing such documents as may be in the party's possession. If NuVasive has copies of the relevant documents, they must be produced. The Court also finds that NuVasive need not respond to the Interrogatory to the extent it calls for the identification of "all persons" with knowledge of the prior art or most

knowledgeable about it. Prior art can be, and this case most likely is, rather extensive and it is an undue burden for a party to have to determine who, in the wide world of spinal fusion surgery, may have knowledge of or be "most knowledgeable" about that art.

## **CONCLUSION**

Defendant's motion to compel further responses to Requests for Production 1-3, 5-8, 11, 12, 14, and 15, and Interrogatories 6 and 7, as presented in this Joint Motion, is **GRANTED IN PART AND DENIED IN PART**. To the extent that the Court has ordered further responses, Plaintiff must serve such responses no later than 30 days after the filing of this Order, absent a contrary agreement of the parties or further Order of the Court.

Dated: December 13, 2018

Hon. Mitchell D. Dembin
United States Magistrate Judge