UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUVASIVE, INC. a Delaware corporation,<br><br>                              Petitioner,<br><br>v.<br><br>ALPHATEC HOLDINGS, INC. a Delaware corporation and ALPHATEC SPINE, INC. a California corporation,<br><br>                              Respondent. | Case No.: 18cv347-CAB-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**<br><br>**[ECF No. 129]** |

### BACKGROUND

At issue is the insertion of sharing language into three provisions of the Protective Order Governing Confidential Information between the parties. Plaintiff NuVasive seeks to include the attorneys of record for five additional cases in the operative definition of "Outside Counsel," while Defendant Alphatec seeks to limit the term to the attorneys of record in the instant case and excluding in-house counsel. (ECF No. 129 at 8). With their proposed expanded definition of Outside Counsel, Plaintiff then proposes that information designated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL-ATTORNEYS EYES ONLY" be automatically available to the attorneys of record for use in not only the instant patent infringement case, but also the five collateral cases. (*Id.* at 9). Defendant opposes the sharing provisions.

The proposed collateral litigation is as follows:

1. *NuVasive, Inc. v. Miles, et al.*, No. 2017-0720-SG, in the Chancery Court of the State of Delaware: breach of fiduciary duties and the covenant not to compete.

2. *Alphatec Spine, Inc., et al. v. NuVasive, Inc.*, No. 37-2017-00038583-CU-BC-CTL, in the San Diego Superior Court: breach of a non-disclosure agreement.

3. *Pimenta v. NuVasive*, No. 37-2018-00016298-CU-BC-CTL, in the San Diego Superior Court: breach of an employment contract.

4. *Miles v. NuVasive, Inc.*, No. 2018-0397-SG, in the Chancery Court of the State of Delaware: seeking attorneys' fees pursuant to an indemnity agreement.

5. *Alphatec Spine, Inc. v. NuVasive, Inc.*, No. 37-2018-00016446-CU-MC-CTL, in the San Diego Superior Court: unfair competition.

Plaintiff contends that these five collateral cases are similar to the instant case as they all "arose from Alphatec's poaching of NuVasive's executive team…." (*Id.* 129 at 16). Plaintiff argues that the sharing provisions promote transparency and eliminate attempts to "'game' the system and promotes full and fair disclosure and discovery." (*Id.* at 17). Defendant argues that Plaintiff's proposed provisions encourage abuse and ensures that "no single court is in complete control of the discovery in the cases before it." (*Id.* at 20). Defendant contends that the "wholesale and automatic" sharing and use of discovery produced for a patent infringement

matter with five collateral cases, none of which are patent infringement cases, is inappropriate and encourages discovery abuse. (*Id.* at 20-21).

## LEGAL STANDARD

The Ninth Circuit "strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003) (citing *Beckman Indus. Inc. v. Int'l Ins. Co.*, 966 F.2d. 470, 475 (9th Cir. 1992)). A court, however, should not approve a request to share discovery automatically. *Id.* at 1132. "As an initial matter, the collateral litigant must demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein. Requiring a showing of relevance prevents collateral litigants from gaining access to discovery materials merely to subvert limitations on discovery in another proceeding." *Id.* Importantly, "[s]uch relevance hinges on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings." *Id.*

The court that enters the protective order must "satisfy itself that the protected discovery is sufficiently relevant to the collateral litigation that a substantial amount of duplicative discovery will be avoided…." *Id.* Further, if the court finds relevancy, it must then "weigh the countervailing reliance interest of the party [opposing sharing] against the policy of avoiding duplicative discovery." *Id.* at 1133.

However, the court who issues the protective order is not the one that determines whether the collateral litigant will ultimately obtain the discovery materials. Rather, any "disputes over the ultimate discoverability of specific materials covered by the protective order must be resolved by the collateral courts." *Id.*

The *Foltz* court further explained:

> Allowing the parties to the collateral litigation to raise specific relevance and privilege objections to the production of any otherwise properly protected materials in the collateral courts further serves to prevent the subversion of limitations on discovery in the collateral proceedings. These procedures also preserve the proper role for each of the courts involved: the court responsible for the original protective order decides whether modifying the order will eliminate the potential for duplicative discovery.

*Id.*

## DISCUSSION

Here, Plaintiff seeks to circumvent the above principles and procedures by including, in the first instance, a sharing provision in the protective order to be entered in this case. In other words, Plaintiff seeks the ability to share confidential documents obtained in this case with collateral litigants without needing to seek to modify the protective order and obtain a relevancy determination from the Court, and without requiring the collateral courts to resolve any disputes which may arise with respect to discoverability of the materials in the collateral cases.

The Court is not persuaded by Plaintiff's argument that all discovery in this case is necessarily relevant to the other cases. Further, the Court is not persuaded by the arguments in favor of an automatic sharing provision. Plaintiff, for example, argues that because their in-house counsel cannot "un-know" or "un-learn" information from discovery in this case, and because judicial economy dictates that they decrease duplicative discovery across the six cases, the sharing provision is "practically necessary." (ECF No. 129 at 18). Entering the non-sharing provisions in the protective order, however, will not prevent sharing of discovery in the collateral cases. Rather, collateral litigants desiring any discovery produced pursuant to the protective order will simply have to go through appropriate steps to obtain that

discovery, as set forth in *Foltz*. The Court will not permit collateral litigants to gain automatic access to Defendants' confidential materials without providing some procedural safeguards regarding the dissemination of those materials, and without following proper procedure.

## CONCLUSION

The Court finds that Defendant's proposed protective order should be entered. The entry of Defendant's protective order provisions will not prejudice any potential collateral litigants to move for modification of the protective order in the future.

**IT IS SO ORDERED.**

Dated: January 15, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge