UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUVASIVE, INC.,<br><br>                  Plaintiff,<br><br>v.<br><br>ALPHATEC HOLDINGS, INC.,<br><br>                  Defendant. | Case No.: 3:18-CV-347-CAB-MDD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE AND MOTION TO DISMISS COUNTERCLAIMS**<br><br>[Doc. No. 132] |

This matter is before the Court on Plaintiff NuVasive, Inc.'s motion to strike or dismiss four of Defendant Alphatec Holdings, Inc.'s counterclaims. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument. For the following reasons, the motion is granted in part and denied in part.

**I.    Procedural Background**

Although this case was filed less than a year ago, it already has an extensive litigation history, most of which is irrelevant to the instant motion. On February 13, 2018, NuVasive filed a complaint alleging that Alphatec infringed eight of NuVasive's patents. [Doc. No. 1.] On May 14, 2018, the Court dismissed with prejudice two infringement claims concerning design patents. [Doc. No. 45.] On May 21, 2018, Alphatec answered the complaint and asserted counterclaims that each of the allegedly infringed patents is invalid. [Doc. No. 55.] On September 11, 2018, the parties filed a stipulation and joint motion agreeing to allow NuVasive to file an amended complaint that added claims for infringement of three additional patents. [Doc. No. 107.] The Court granted the motion the following day [Doc. No. 109], and NuVasive filed its first amended complaint ("FAC") on September 13, 2018 [Doc. No. 110].

On October 12, 2018, Alphatec answered the FAC and asserted fourteen counterclaims alleging that NuVasive's patents are invalid or unenforceable. [Doc. No. 114.] On October 26, 2018, NuVasive filed a motion to strike or dismiss five of Alphatec's counterclaims. [Doc. No. 120.] Instead of responding to NuVasive's motion, Alphatec filed an amended counterclaim, leading the Court to deny NuVasive's motion as moot. [Doc. Nos. 125, 126.] NuVasive then filed a motion to strike or dismiss four of the counterclaims in the amended counterclaim. [Doc. No. 132.] This last motion is currently before the Court.

## II. Discussion

NuVasive's amended complaint includes claims for infringement of four NuVasive patents: U.S. Patent No. 8,439,832 (the "'832 Patent"); U.S. Patent No. 9,833,227 (the "'227 Patent"); U.S. Patent No. 9,924,859 (the "'859 Patent"); and U.S. Patent No. 9,974,531 (the "'531 Patent"). The '832, '227, '859, and '531 Patents are all directed toward systems and methods for accessing a targeted disc space through a lateral, trans-psoas path. Counts X through XIII of Alphatec's amended counterclaim assert that each of these four patents is unenforceable due to inequitable conduct during their prosecutions.

"Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011) (en banc). The elements of "inequitable conduct are: (1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the [Patent and Trademark Office ("PTO")]." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009).

"Intent and materiality are separate requirements." *Therasense*, 649 F.3d at 1290. The intent element requires a showing that "the patentee acted with the specific intent to deceive the PTO. A finding that the misrepresentation or omission amounts to gross negligence or negligence under a 'should have known' standard does not satisfy this intent

requirement." *Id.* (internal citation omitted). Specific intent to deceive means an "intent to deceive must be 'the single most reasonable inference able to be drawn from the evidence.'" *Id.* (citation omitted). "[T]he materiality required to establish inequitable conduct is but-for materiality." *Id.* at 1291. In cases of alleged omissions of submissions of prior art to the PTO, "the court must determine whether the PTO would have allowed the claim if it had been aware of the undisclosed reference." *Id.*

An inequitable conduct counterclaim must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Exergen*, 575 F.3d at 1326. Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In cases of inequitable conduct, the "particularity" in Rule 9(b) requires "identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1327.

> Moreover, although "knowledge" and "intent" may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO.

*Id.* at 1328-29. "A reasonable inference is one that is plausible and that flows logically from the facts alleged, including any objective indications of candor and good faith." *Id.* at 1329 n.5.

Here, Alphatec alleges that NuVasive patent prosecution counsel withheld one or more prior art references, of which counsel was aware, that would have been material to the allowance of each patent. NuVasive has moved to dismiss these counterclaims [Doc. No. 132] on the basis that Alphatec has not met the pleading criteria of Federal Rule of Civil Procedure 9(b). Having reviewed the allegations of the amended counterclaim and the submissions of the parties, the Court denies the motion as to the '832 Patent (Count X); the '227 Patent (Count XI); and the '859 Patent (Count XII). The counterclaims as to inequitable conduct during the prosecution of these patents sufficiently identify the specific

art that Alphatec claims was withheld, the relationship of the art to the claim limitations, the identity prosecution attorney, and how that counsel was aware of the art during the prosecution of each patent.

NuVasive's motion challenges almost all aspects of Alphatec's allegations asserting they are without merit, but for purposes of notice and the sufficiency of the pleading the allegations are sufficient. If anything NuVasive's detailed challenge underscores that the pleadings provide sufficient notice as to what conduct Alphatec claims regarding each challenged patent in support of its inequitable conduct claims. The Court will not reach the merits of these allegations in a motion to dismiss.

As to the '531 Patent (Count XIII), however, NuVasive's motion is granted. Alphatec failed to demonstrate how the Kanter reference is relevant to the claims of the '531 Patent, and what in Kanter would have been material to the allowance of the '531 Patent. Thus, Alphatec has not presented a plausible claim that the Kanter disclosure is material to the patentability of the '531 Patent.

**III. Disposition**

As discussed above, NuVasive's motion to dismiss is **GRANTED** with respect to Counterclaim XIII, and **DENIED** with respect to Counterclaims X, XI, and XII. Counterclaim XIII is **DISMISSED WITHOUT PREJUDICE**. Alphatec shall have until **February 14, 2019** to file an amended counterclaim for inequitable conduct during the prosecution of the '531 Patent, if it so desires.

It is **SO ORDERED**.

Dated: January 30, 2019

Hon. Cathy Ann Bencivengo
United States District Judge