# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUVASIVE, INC.,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>ALPHATEC HOLDINGS, INC.,<br><br>　　　　　　　Defendant. | Case No.: 3:18-CV-347-CAB-MDD<br><br>**ORDER DENYING MOTION MOTION TO DISMISS COUNTERCLAIM XIII**<br><br>[Doc. No. 162] |

This matter is before the Court on Plaintiff NuVasive, Inc.'s motion to dismiss claim XIII from Defendant Alphatec Holdings, Inc.'s second amended counterclaim. Counterclaim XIII asserts that U.S. Patent No. 9,974,531 (the "'531 Patent") is unenforceable due to inequitable conduct during prosecution of the patent. The '531 Patent is directed toward systems and methods for accessing a targeted disc space through a lateral, trans-psoas path. The Court previously granted NuVasive's motion to dismiss counterclaim XIII from the first amended counterclaim, while denying NuVasive's motion with respect to three other counterclaims. [Doc. No. 152.] In that order, the Court set out the relevant procedural background, which will not be repeated here.

The legal standards set forth in the Court's prior order continue to apply. "Inequitable conduct is an equitable defense to patent infringement that, if proved, bars

enforcement of a patent." *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011) (en banc). The elements of "inequitable conduct are: (1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the [Patent and Trademark Office ("PTO")]." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009).

"Intent and materiality are separate requirements." *Therasense*, 649 F.3d at 1290. The intent element requires a showing that "the patentee acted with the specific intent to deceive the PTO. A finding that the misrepresentation or omission amounts to gross negligence or negligence under a 'should have known' standard does not satisfy this intent requirement." *Id.* (internal citation omitted). Specific intent to deceive means an "intent to deceive must be 'the single most reasonable inference able to be drawn from the evidence.'" *Id.* (citation omitted). "[T]he materiality required to establish inequitable conduct is but-for materiality." *Id.* at 1291. In cases of alleged failure to submit prior art to the PTO, "the court must determine whether the PTO would have allowed the claim if it had been aware of the undisclosed reference." *Id.*

An inequitable conduct counterclaim must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Exergen*, 575 F.3d at 1326. Rule 9(b) states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In cases of inequitable conduct, the "particularity" in Rule 9(b) requires "identification of the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Id.* at 1327.

> Moreover, although "knowledge" and "intent" may be averred generally, a pleading of inequitable conduct under Rule 9(b) must include sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of the withheld material information or of the falsity of the material misrepresentation, and (2) withheld or misrepresented this information with a specific intent to deceive the PTO.

*Id.* at 1328-29. "A reasonable inference is one that is plausible and that flows logically from the facts alleged, including any objective indications of candor and good faith." *Id.* at 1329 n.5.

In Counterclaim XIII, Alphatec alleges that NuVasive patent prosecution counsel withheld the prior art reference of Kanter and Friedman, *Percutaneous Discectomy: An Anatomical Study*, Neurosurgery, Vol. 16, No. 2 (1985). NuVasive moves to dismiss Counterclaim XIII on the grounds that Alphatec failed to plead how Kanter is relevant or material to the '531 Patent. The Court is not persuaded. Counterclaim XIII sufficiently explains specifically how Kanter is allegedly relevant and material. NuVasive's motion, meanwhile, primarily disputes Alphatec's allegations and argues that Kanter is not actually relevant and material. NuVasive's fact-intensive arguments are similar to those that NuVasive made in favor of dismissal of Counterclaims X, XI, and XII from the first amended counterclaim, which the Court rejected. [Doc. No. 152.] These arguments are equally unavailing here.

Accordingly, NuVasive's motion to dismiss is **DENIED**. NuVasive shall answer the second amended counterclaim on or before **April 12, 2019**.

It is **SO ORDERED**.

Dated: March 29, 2019

Hon. Cathy Ann Bencivengo
United States District Judge