# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUVASIVE, INC.,<br><br>                                Plaintiff,<br><br>v.<br><br>ALPHATEC HOLDINGS, INC., and<br>ALPHATEC SPINE, INC.,<br><br>                                Defendants. | Case No.:  18-cv-0347-CAB-MDD<br><br>**ORDER ON JOINT MOTON FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING REQUESTS FOR PRODUCTION 81 AND 93**<br><br>**[ECF NO. 193]** |

Before the Court is the Joint Motion of the parties for determination of a discovery dispute filed on October 19, 2018.  (ECF No. 117).  This is a patent case and the joint motion presents Plaintiff's motion to compel further responses to two requests for production of documents from Defendants.

## **LEGAL STANDARD**

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...."  Fed. R. Civ. P. 26(b)(1).  "Information within the scope of discovery need not be admissible in evidence to be discoverable."  *Id.*  District courts have broad discretion to limit

discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

## **DISCUSSION**

### 1. RFP No. 81

Plaintiff requests the production of "[d]ocuments sufficient to show, on a monthly or quarterly basis from January 1, 2014 to present [Defendants'] size and financial condition, including but not limited to assets, liabilities, and the

differences in their totals." (ECF No. 193 at 7).[1]  In response, Defendants produced several years of "comprehensive public financial statements (namely Form 10-Ks, 10-Qs and 8-Ks), which are, of course, detailed, vetted and submitted to the Securities and Exchange Commission." (*Id.* at 11). Defendants explain that each Form 10-K includes a comprehensive balance sheet showing total assets, broken down by type; total liabilities broken down by type; a breakdown of stockholders' equity; revenue; gross profit; operating expenses, broken down by category; operating loss; and cash flow. (*Id.*). Defendants also assert that they have produced and are continuing to produce, in response to an Interrogatory served by Plaintiff, detailed sales data, including sales data and information regarding the accused products. (*Id.* at 12).  Defendants assert that they have complied with this request for production.

Plaintiff asserts that the information supplied is insufficient.  Plaintiff wants Defendants to produce internal company documents including "internal financial summaries, financial presentations such as board presentations, financial strategy documents, etc." (ECF No. 8).  Plaintiff asserts that these internal documents together with the public documents paint the requested picture. (*Id.*).

The Court finds that Defendants production is a legally adequate response to Plaintiff's request for "documents sufficient to show . . . Alphatec's size and financial condition including . . . assets, liabilities, and the differences in their totals."  The crux of the issue here is the use of the phrase "sufficient to show."  By using the ambiguous phrase "sufficient to

---

[1] The Court will refer to page numbers supplied by CM/ECF rather than original pagination throughout.

show," a disagreement over the extent of production was inevitable. The Plaintiff does not have the right to insist on its interpretation of "sufficiency" when it had the ability to request specific categories of financial documents. No further response is required of Defendants.

2. <u>RFP No. 93</u>

Plaintiff requests Defendants to produce "[d]ocuments sufficient to show Patrick Miles' expense reports concerning the Accused Products, hospital-customers for the Accused Products, and/or surgeon-customers for the Accused Products." (ECF No. 193 at 14). In addition to objections for relevance, Defendants have responded that it has identified no expense reports for Patrick Miles concerning the Accused Alphatec Components." (ECF No. 16). Presumably, then, the fight here is over expense reports for Mr. Miles regarding hospital-customers and surgeon-customers that use the Accused Products, a much broader scope than expense reports for Mr. Miles that are related directly to the Accused Products. Plaintiff asserts that these documents are relevant to issues of assignor-estoppel, induced or willful infringement, lost profits and enhanced damages. Defendants assert that there is no relevance of these expense reports to any claim or defense in the case.

Defendants' response fails to comply with Rule 34(b)(2)(C), Fed. R. Civ. P., which provides that "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Defendants have not stated that there are documents they are withholding based upon their objections. That failure must be remedied. Nonetheless, the Court is not convinced that these expense reports are relevant; the arguments made by Plaintiff suggest little more than a fishing expedition.

Within 14 days of the date of this Order, Defendants must serve an

amended response to RFP No. 93 stating whether any responsive materials are being withheld pursuant to their objection. As stated by the Advisory Committee:

> [T]he producing party does not need to provide a detailed description or log of all documents withheld, but does need to alert other parties to the fact that documents have been withheld and thereby facilitate an informed discussion of the objection.

Fed. R. Civ. P. 34, Advisory Committee Notes (2015 Amendment). No additional response is required.

## CONCLUSION

As presented in this Joint Motion, Plaintiff's motion to compel further responses to RFP Nos. 81 and 93 is **DENIED.** Defendants, however, must amend their response to RFP No. 93, within 14 days, to state whether responsive documents have been withheld pursuant to their objection.

**IT IS SO ORDERED:**

Dated: September 12, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge

18-cv-0347-CAB-MDD