UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUVASIVE, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ALPHATEC HOLDINGS, INC., and ALPHATEC SPINE, INC.,<br><br>　　　　　　　　　Defendants. | Case No.: 18-cv-0347-CAB-MDD<br><br>**ORDER ON JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE REGARDING ELECTRONICALLY STORED INFORMATION**<br><br>**[ECF NO. 197]** |

Before the Court is the Joint Motion of the parties for determination of a discovery dispute filed on September 30, 2019. (ECF No. 197). This is a patent case and the joint motion presents Plaintiff's motion to compel Defendants to use certain search terms to examine the electronic files of certain alleged custodians.

## LEGAL STANDARD

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence

to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

A party may request the production of any document within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Rule 34(b)(2)(B). If the responding party chooses to produce responsive information, rather than allow for inspection, the production must be completed no later than the time specified in the request or another reasonable time specified in the response. *Id.* An objection must state whether any responsive materials are being withheld on the basis of that objection. Rule 34(b)(2)(C). An objection to part of a request must specify the part and permit inspection or production of the rest. *Id.* The responding party is responsible for all items in "the responding party's possession, custody, or control." Rule 34(a)(1). Actual possession, custody or control is not required. Rather, "[a] party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Soto v. City of Concord*, 162 F.R.D. 603, 620 (N.D. Cal. 1995).

## DISCUSSION

This dispute is grounded in the general agreement of the parties to generally follow the Model Order Governing Discovery of Electronically Stored Information in Patent Cases appended to Patent Local Rules of the
2

Court. (*See* ECF No. 197 at 9).[1] As noted previously by the Court in another discovery dispute in this case, neither the Model ESI Order, nor any order governing production of ESI was filed in this case. (*See* ECF No. 134 at 3-4). Consequently, it is only the admittedly "general agreement" of the parties to follow the Model ESI Order that may be subject to enforcement by the Court.

The Model ESI Order is flawed as it pertains to production of electronic mail, the very dispute presented here. If proposed by the parties, this Court would not have endorsed it. The structure of the Model ESI Order is inconsistent with Rule 34, Fed. R. Civ. P., and inconsistent with the learned views expressed in the Sedona Principles. The Model ESI Order requires the requesting party to identify custodians and search terms. Model ESI Order ¶ 10. The requesting party is limited to identifying five custodians and five search terms per custodian. *Id.* ¶¶ 11-12. Consequently, in this case, the dispute boils down to mostly unintelligible search terms like this requested by Plaintiff for each custodian:

> design w/5 ((compet! or replac! or substitut! or alternativ! or conver! or copy or copie! or mimic! or imitat! or patent! or invent! or !infring! or !valid! or !enforce!) and (lateral! or LLIF or Battalion or Squadron)).

(ECF No. 197-9 at 3-4).

Rule 34, Fed. R. Civ. P., governs request for production of documents. It does not differentiate between information stored on paper or on an electronic medium. It requires the requesting party to request "information." Rule 34(a)(1). The producing party must produce the requested information or object to the request. Rule 34(b)(2)(B). Electronically stored information is

---

[1] The Court will refer to page numbers supplied by CM/ECF rather than original pagination throughout.

addressed in the Rule to the extent that a party may object to the requested form of production of electronically stored information. Rule 34(b)(2)(D) and provides a default for the form of production. Rule 34(b)(2)(E). Unlike the Model ESI Order, nothing in Rule 34 requires a requesting party to identify custodians or search terms. The Model ESI Order, in that respect, is contrary to the ordinary progress of civil discovery in the federal courts.

In an earlier Order in this case, the Court advised the parties that this Court subscribes to the view expressed in Principle No. 6 of the Sedona Principles:

> Responding parties are best situated to evaluate the procedures, methodologies, and technologies appropriate for preserving and producing their own electronically stored information.

*The Sedona Principles, Third Edition*, 19 SEDONA CONF. J. 1, Principle 6, 118 (2018). The Court also advised the parties that it subscribes to Principles 1 and 3 which provide that electronic discovery is generally subject to the same discovery requirements as other relevant information and that the parties should seek to reach agreement regarding production of electronically stored information. *Id.* at 56, 71; (ECF No. 134 at 3).

The Model ESI Order is inconsistent with these principles. Moreover, the world of electronic discovery has moved well beyond search terms. While search terms have their place, they may not be suited to all productions. Technology has advanced and software tools have developed to the point where search terms are disfavored in many cases. *See, e.g., da Silva Moore v. Publicis Groupe*, 287 F.R.D. 182, 189-91 (S.D.N.Y. 2012). The Model ESI Order, in its reliance on search terms, is obsolete.

The Court will not decide whether the proposed custodians are appropriate nor on the use of the requested search terms. Instead, Plaintiff

must request information, regardless of how or where it is maintained by Defendants, which Defendants must address as required by Rule 34. That is discovery: a party requests information and the burden is on the producing party to locate and produce it or object legitimately to production. The instant motion is **DENIED**.

## CONCLUSION

As presented in this Joint Motion, Plaintiff's motion to compel Defendants to search the electronic files of identified custodians using search terms proposed by Plaintiff is **DENIED.** The Court will not enforce the parties' general agreement to follow the Model ESI Order.

**IT IS SO ORDERED:**

Dated: October 7, 2019

_____
Hon. Mitchell D. Dembin
United States Magistrate Judge