# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUVASIVE, INC., <br><br> Plaintiff, <br><br> v. <br><br> ALPHATEC HOLDINGS, INC., and ALPHATEC SPINE, INC., <br><br> Defendants. | Case No.: 18-cv-0347-CAB-MDD <br><br> **ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR ADDITIONAL DEPOSITION TIME** <br><br> **[ECF NO. 211]** |

Before the Court is Plaintiff's Motion for additional deposition time, filed *ex parte* on December 3, 2019. (ECF No. 211). Defendants responded in opposition on December 17, 2019. (ECF No. 237). Discovery is set to close in this case on December 20, 2019. (ECF No. 183).

## LEGAL STANDARD

Rule 30, Fed. R. Civ. P., provides for a party to obtain up to ten depositions without leave of court. Absent stipulation of the parties, leave of court is required to take more than ten depositions. Under Rule 30(a)(2), the court must grant leave for a party to take a deposition beyond ten "to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2)(A)(i).

The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case...." Fed. R. Civ. P. 26(b)(1). "Information within the scope of discovery need not be admissible in evidence to be discoverable." *Id.* District courts have broad discretion to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C).

A party seeking to exceed the presumptive limit of ten depositions bears the burden of making a "particularized showing" of the need for additional depositions. *See Jordan v. Wonderful Citrus Packing LLC,* No. 1:18-cv-00401-AWI-SAB, 2019 WL 176264 *2 (E. D. Cal. Jan. 11, 2019)(collecting cases including *Kaseberg v. Conaco, LLC,* No. 15-cv-1637-JLS-DHB, 2016 WL 8729927 *3 (S. D. Cal. Aug. 19, 2016) from this District).

Under Rule 26(b)(2)(C), courts have found it proper to deny additional depositions where they would be cumulative, without proper purpose, e.g., there is no evidence they would reveal anything other than what a party had already obtained, the party had ample opportunity to obtain the information by discovery in the action, or they would create an unreasonable burden or expense. *Kaseberg,* 2016 WL 8729927 *3. Parties should ordinarily exhaust their allowed number of depositions before making a request for additional depositions. *Id.*

## **DISCUSSION**

Discovery opened on April 4, 2018, with the conclusion of the parties' conference under Rule 26(f). (ECF No. 68). Discovery continued for over nine months until the case was stayed on February 6, 2019. (ECF No. 156). The stay was lifted on August 6, 2019. (ECF No. 178). Following the lifting of the

stay, discovery was authorized for an additional four months, until December 20, 2019. (ECF No. 183).

Plaintiff NuVasive seeks permission to obtain up to five additional depositions, beyond the ten allowed under Rule 30. (ECF No. 211 at 5).[1] Plaintiff reports that as of the date of the motion, December 11, 2019, it had taken but four of the ten authorized depositions and had noticed five more, for a total of nine depositions. (*Id.* at 10). Plaintiff expressed its intention to obtain an additional deposition of Defendants under Rule 30(b)(6), for its tenth deposition. (*Id.* at 10-11). Plaintiff identifies seven additional persons that it is "considering" deposing many of whom are third-parties. (*Id.* at 11-12). Obtaining discovery from third-parties poses an additional obstacle in that the party seeking the discovery must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rule 45(d)(1), Fed. R. Civ. P. For its eighth "person," Plaintiff identifies "additional current or former surgeons who have the Accused Products…." (ECF No. 211 at 12).

The Court has reviewed the list of prospective deponents and the reasons Plaintiff seeks their testimony. Plaintiff neither avers that the requested testimony would not be cumulative or duplicative, nor does Plaintiff address at all the "particularized need" requirement established firmly in case law. The Court agrees with Defendant that Plaintiff has failed to meet its burden to obtain more than the ten authorized depositions.

//
//

---

[1] The Court will refer to page numbers supplied by CM/ECF rather than original pagination throughout.

3

## CONCLUSION

Plaintiff's Motion for Additional Deposition Time is **DENIED.**

**IT IS SO ORDERED:**

Dated: December 18, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge