UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUVASIVE, INC.,<br><br>                           Plaintiff,<br>v.<br><br>ALPHATEC HOLDINGS, INC. et al.,<br>                          Defendants. | Case No.: 3:18-CV-347-CAB-MDD<br><br>**ORDER DENYING MOTION TO FILE UNDER SEAL**<br><br>[Doc. No. 245] |

Plaintiff NuVasive, Inc. has filed a motion seeking an order requiring Defendants Alphatec Holdings, Inc., and Alphatec Spine, Inc. (together, "Alphatec"), to file under seal certain portions of the deposition transcripts of:

    1.    Matthew Link;

    2.    Blake Inglish;

    3.    Eric Finley; and,

    4.    Jim A. Youssef, M.D. ("Youssef Deposition"),

along with portions of Inglish's expert reports in connection with the motions for summary judgment and to exclude expert testimony that Alphatec intends to file. NuVasive contends that compelling reasons exist to seal portions of these documents. As discussed below, the motion is denied.

## I. Legal Standards

"When discovery material is filed with the court [] its status changes." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003). "[T]he public policy reasons behind a presumption of access to judicial documents (judicial accountability, education about the judicial process etc.) apply." *Id.* (internal citation omitted). Both the common law and the Constitution afford the public a qualified right of access to judicial records and proceedings. *Times Mirror Co. v. U.S.,* 873. F.2d 1210, 1211 n.1 (9th Cir. 1989); *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).

In the Ninth Circuit there is a strong presumption in favor of access to court records and a party must show *compelling reasons* to file materials under seal as part of a non-discovery motion, even if they were produced subject to a discovery protective order. *See Foltz*, 331 F.3d at 1135-36; *see also Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("[C]ompelling reasons must be shown to seal judicial records attached to a dispositive motion."). Once the protected discovery documents are made part of a dispositive motion, "they lose their status of being raw fruits of discovery" and no longer enjoy protected status without some overriding interests in favor of keeping the material sealed. *Foltz*, 331 F.3d at 1136.

Court records should be sealed to keep confidential only what must be kept secret, temporarily or permanently, as the situation requires. The party seeking to file under seal must provide articulable facts showing a compelling reason to limit public access to court filings. That a litigant might be embarrassed or exposed to additional liability or litigation, without more, is not sufficient. *Id.* at 1136. A court's decision to seal material must be based on a compelling reason and the order allowing a filing under seal must articulate the factual basis for its ruling without relying on hypothesis or conjecture. *Pintos,* 605 F.3d at 679. "A 'good cause' showing will not suffice to fulfill the 'compelling reasons' standard that a party must meet to rebut the presumption of access to dispositive pleadings and attachments." *Id.* (citing *Kamakana,* 447 F.3d at 1180).

## II. Discussion

According to NuVasive, the information it contends should be sealed falls into three categories: (1) financial information related to NuVasive's XLIF product; (2) future product development and product improvement projects; and (3) surgeon consultancy agreements.

### A. XLIF Financial Information

NuVasive argues that this category of information includes "past XLIF revenues, costs, and expenditures, [as well as] future projections of XLIF revenues, costs, and expenditures." NuVasive argues that this information should be sealed because NuVasive keeps the information confidential because it would "permit competitors to access NuVasive's confidential XLIF-specific financial information and thereby be able to determine NuVasive's XLIF-related profits and profit margin which is highly confidential, non-public information and can be used by competitors to NuVasive's disadvantage. This could allow competitors to undercut NuVasive's pricing and sales efforts thereby unfairly competing with NuVasive using this confidential information." [Doc. No. 245 at 4.]

NuVasive also argues that this category includes "confidential sales and financial information for surgeons and other purchasers of NuVasive's products." [*Id.*] NuVasive contends that this information about purchasers of NuVasive's products should be sealed because NuVasive does not publicly disclose it and because "[i]f NuVasive's competitors had access this to this information, they could unfairly compete with NuVasive for business from these customers targeting surgeons they may not otherwise target because of the dollar amounts earned from these surgeons." [*Id.*] Further, according to NuVasive, "[s]uch information may also enable competitors to infer NuVasive's short- and long-term business strategies thereby providing others in the marketplace an unfair competitive advantage that would allow competitors to undercut NuVasive's sales efforts." [*Id.*]

After review of the specific deposition testimony NuVasive states contains the aforementioned information, which NuVasive lodged with the Court after filing its motion, the Court does not find compelling reasons to permit such information to be filed under

seal. First, NuVasive's description of the testimony is generally inconsistent with the testimony itself. Almost none of the testimony contains any specific financial information.[1] Nor does the testimony contain any specific financial figures attributable to specific surgeons or purchasers of NuVasive products. Rather, it appears that NuVasive simply wants to keep sealed the mere identity of a handful of surgeons that use NuVasive products. NuVasive concedes as much when it appears to ask that the Inglish deposition transcript be sealed in its entirety because it contains "[r]eferences to specific surgeons and customers throughout." [*Id.* at 5.] In other words, the Court is not persuaded that the specific transcript designations and expert reports that NuVasive asks to be sealed actually contain any specific XLIF financial information or specific financial information for surgeons or other purchasers of NuVasive products. Further, regardless of NuVasive's characterization of the specific transcript designations and expert reports that it asks to be sealed on this ground, the Court is not persuaded that NuVasive would suffer material competitive harm[2] if the information revealed in those transcript designations and expert reports is publicly disclosed. Accordingly, NuVasive's motion to file under seal is denied as to this category of information.

### B. Product Development and Product Improvement Information

NuVasive argues that this category of information work performed by consulting surgeons regarding product development and improvement. As with the previous category

---

[1] Indeed, in one of the sections of the Link deposition transcripts that NuVasive wants sealed because it purportedly contains specific financial information, Link actually repeatedly states: "I don't know a specific dollar amount." Link Tr. at 280:5-21.

[2] In this regard, the NuVasive has not persuaded the Court that its desire to keep secret the identity of a handful of surgeons using NuVasive's products is a compelling reason to seal this information. A competitor offering its products to such surgeons or "undercutting" NuVasive's prices is simply competition, not "unfair" competition, as NuVasive argues. Disclosure of such a relatively small number of surgeons does not sufficiently harm NuVasive's competitive standing to be a compelling reason to seal the information. *See, e.g., Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (noting that an example of a compelling reason may be "sources of business information that might harm a litigant's competitive standing.") (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 598-99 (1978)).

of purportedly confidential information, the specific deposition transcript designations NuVasive identifies in its motion either do not contain such information or are so general that they could not possibly cause material competitive harm to NuVasive if disclosed. In reality, the transcript designations reveal little more than the identity of some of NuVasive's consultants and that NuVasive is in fact improving its products or developing new ones. The Court is not persuaded that such general information is even confidential, let alone that disclosure of if in the public record of this case would cause NuVasive competitive harm. Accordingly, NuVasive has not shown compelling reasons to seal the deposition transcript designations identified in its motion, and the motion to seal is denied as to this category of information.

### C. Surgeon Consultancy Agreements

Finally, NuVasive asks the Court to allow to be filed under seal what NuVasive describes as "details of its strategic internal business decision making processes" because such information would give surgeon consultants "an unfair advantage over NuVasive in their contract negotiations," and give "competitors insight into NuVasive's short- and long-term business model and strategy. [*Id.* at 7.] Once again, however, NuVasive's characterization is inconsistent with the actual information disclosed in the deposition transcript designations identified in NuVasive's motion. To that end, the actual testimony in question concerns the identity of some of NuVasive's consultants, the scope of work described in some of their agreements with NuVasive, and their compensation for such work. Although the Court can appreciate NuVasive's preference that such information remain confidential, the Court is not persuaded that such preference, and any leverage this information might provide surgeons negotiating consultancy agreements with NuVasive, are compelling reasons to seal the record of such information to the extent it is relevant in this case. Accordingly, NuVasive's motion is denied as to this category of information as well.

### III. Conclusion

For the foregoing reasons, NuVasive's motion to file under seal is **DENIED**. Alphatec may refer to the deposition transcript designations and expert reports identified in NuVasive's motion in publicly filed versions of any motions for summary judgment or to exclude experts that it intends to file.

It is **SO ORDERED**.

Dated: January 15, 2020

Hon. Cathy Ann Bencivengo
United States District Judge