UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUVASIVE, INC.,<br><br>                              Plaintiff,<br><br>v.<br><br>ALPHATEC HOLDINGS, INC. et al.,<br><br>                              Defendants. | Case No.: 3:18-CV-347-CAB-MDD<br><br>**ORDER RE ALPHATEC'S MOTION TO EXCLUDE EXPERTS**<br><br>[Doc. No. 251] |

Before the Court is Alphatec's motion to exclude certain testimony of NuVasive's experts. [Doc. No. 251.] NuVasive filed an opposition. [Doc. No. 259.] Alphatec filed a reply. [Doc. No. 263.] The Court held argument on March 13, 2020. Having considered the submissions of the parties and the arguments of counsel, the Court rules as follows.

**I.      Legal Standard**

Federal Rule of Evidence 702 provides that a qualified expert may testify if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589 (1993), the Supreme Court held that Rule 702 requires the district court to act as a

gatekeeper to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *See Kumho Tire Co. Ltd., v. Carmichael*, 526 U.S. 137, 147 (1999) (the basic gatekeeping obligation applies to all expert testimony). Whether the proposed testimony meets the Daubert reliability factor in a particular case is a matter that the law grants the trial judge broad latitude to determine. *Id.* at 153.

"Daubert and Rule 702 are safeguards against unreliable or irrelevant opinions, not guarantees of correctness." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 854 (Fed. Cir. 2010). Underlying factual disputes and how much weight to accord an expert's opinion are questions for the jury. *Micro Chem., Inc., v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed. Cir. 2003).

Alphatec moves to exclude certain opinions of Dr. Jim Youssef and Blake Inglish, and the testimony of Stephen K. Kunin entirely.

## II. Dr. Jim Youssef

### A. Opinions on Secondary Considerations of Nonobviousness

Dr. Youssef is an orthopaedic surgeon with experience in spine surgery. NuVasive has designated him to provide expert opinions on the infringement and validity of the patents-at-issue. Concerning Alphatec's validity challenge based on obviousness, 35 U.S.C. § 103, Dr. Youssef offers opinions regarding the secondary considerations of nonobviousness. *See Graham v. John Deere Co. of Kan. City,* 383 U.S. 1, 17-18 (1966) (secondary considerations such as commercial success, long felt but unresolved needs, failure of others, etc., may be indicia of the obviousness or nonobviousness of the subject matter patented). "Secondary considerations are only relevant if there is a nexus between the secondary considerations and the claimed invention." *Ormco Corp. v. Align Tech, Inc.*, 463 F.3d 1299, 1311-12 (Fed. Cir. 2006); *see also Henny Penny Corp. v. Frymaster LLC*, 938 F.3d 1324, 1332 (Fed. Cir. 2019) (to be accorded substantial weight in the obviousness analysis, the secondary considerations must have a nexus to the claims). "Ultimately, the patentee bears the burden of showing that a nexus exists." *Id.*

Dr. Youssef opines that secondary considerations including skepticism, industry praise, long-felt but unmet need, failure of others, copying, teaching away, and unexpected results demonstrate the nonobviousness the patents-at-issue. Dr. Youssef opines that the patented inventions are embodied in NuVasive's commercial surgical platform/procedure, to create an operative corridor in a lateral, trans-psoas path to the lumbar spine. In conjunction with other aspects of the NuVasive surgical platform/procedure (i.e., the neuromonitoring and the large spinal implant), he then considers the various secondary considerations applied to the commercial embodiment. [Doc. No. 259-2 at ¶¶ 1329-1367.] Alphatec argues that Dr. Youssef's opinion may broadly tie NuVasive's surgical platform/procedure to the claimed inventions, he does not adequately tie the secondary factors to the claimed inventions at issue in this litigation. Rather, he attributes the various secondary considerations to the non-patented aspects of NuVasive's overall surgical platform/procedure.

There must be a legally and factually sufficient connection between the evidence of nonobviousness and the patented invention. If the evidence is "tied to a specific product and that product embodies the claimed features and is co-extensive with them" there is a rebuttable presumption of nexus. *Henny Penny Corp.*, 938 F.3d at 1332. The NuVasive surgical platform/procedure includes methods, systems and devices that are covered by the patents-at-issue. Thus, there is a sufficient factual nexus between the claimed inventions. *See NuVasive Inc. v. Iancu*, 752 Fed. App'x 985, 995-996 (Fed. Cir. 2018) (finding a sufficient nexus between claims of NuVasive's U.S. Patent No. 7,691,057 and the NuVasive surgical techniques, therefore remanding to the PTAB for further consideration of the evidence of nonobviousness).

Although other features of the NuVasive surgical platform/procedure not covered by the patents-at-issue and NuVasive's education and training programs may contribute to recognition and praise for the NuVasive surgical system, that alone does not dictate a finding that there is not a nexus to the claimed inventions. The patented components at issue in this litigation, which predominantly address the system to create the operative

corridor[1], are not so small a component of the overall platform/procedure that the rebuttal presumption of nexus should not apply. *Id.*

Accordingly, the motion to exclude Dr. Youssef's opinions on the secondary considerations of nonobviousness is DENIED. His opinions are best challenged by cross-examination rather than exclusion, particularly regarding the opinions Alphatec seeks to exclude as contradictory to opinions he has expressed in other litigations.

### B.     Opinions Supporting Claims for Convoyed Sales

Dr. Youssef is also designated to provide opinions supporting NuVasive's claim for damages, including lost profits on certain unpatented components sold by Alphatec, such as the spinal fusion implants employed in spinal surgeries performed with the accused Alphatec Battalion Lateral System. Dr. Youssef opines that the implants are sold with the Battalion System as a functional unit and therefore are convoyed sales subject to a claim for lost profits. [*See, e.g.,* Doc. No. 259-3 at ¶¶ 26-29.]

"To be entitled to lost profits for convoyed sales, the related products must be functionally related to the patented product and losses must be reasonably foreseeable. Being sold together merely for 'convenience or business advantage' is not enough." *Warsaw Orthopedics, Inc. v. NuVasive, Inc.*, 778 F.3d 1365, 1375 (Fed. Cir. 2015). Alphatec contends that Dr. Youssef's opinion is merely a conclusion that the implants are functionally related to the patented inventions and that there is evidence that the accused systems are sold, or provided, with the purchase of the implants for convenience and business advantage. NuVasive contends that a number of the asserted claims include that the claimed system is specifically designed to be capable of creating an operative corridor dimensioned "so as to pass an implant through the operative corridor along the lateral,

---

[1] The Court is less persuaded that evidence of nonobviousness demonstrated by the recognition and praise, etc., for the NuVasive surgical platform overall, can support an opinion of nonobviousness of U.S. Patent No. 8,753,270 directed only at the spinal shim device, a very discrete component of NuVasive's platform. Before Dr. Youssef provides testimony that any of the secondary considerations that apply to NuVasive's overall system also demonstrate the nonobviousness of the '270 patent, the Court will require a more specific proffer from the witness.

trans-psoas path to the lumbar spine." [Doc. No. 1-8 at Col. 14:63-Col. 15:3.] Thus, according to NuVasive, the implants are therefore functionally related to the claimed systems.

The Court finds that Dr. Youssef's opinions on the functional relationship of the accused systems and the unpatented implants are best challenged by cross-examination rather than exclusion. The motion to exclude Dr. Youssef's opinions supporting the claim for convoyed sales is DENIED.

### C.     Opinions on Interchangeability and Non-Infringing Alternatives

Dr. Youssef also offers opinions in support of NuVasive's damages theories regarding other competing surgical components and systems on the market, and whether customers of the Alphatec accused systems and devices would consider these as acceptable alternatives. In short, Dr. Youssef opines based on his experience and review of available materials, that if the Alphatec systems and devices were not available, other competing devices and systems would not be acceptable alternatives to NuVasive's commercial embodiment of the patented inventions. Alphatec contends his opinions are superficial and contradicted by the evidence and therefore should be excluded.

The Court finds these arguments go to the weight to be afforded Dr. Youssef's opinions about the acceptability of non-infringing alternatives, not the admissibility. They are best challenged by cross-examination rather than exclusion. The motion to exclude Dr. Youssef's opinions regarding the interchangeability and acceptability of other competing surgical components and systems is DENIED.

### III.    Blake Inglish

Mr. Inglish has been designated as an expert by NuVasive to provide an opinion on the commercial success of NuVasive's MAS Platform/XLIF procedure in support of NuVasive's damages theory. [Doc. No. 255-5, at ¶ 5.] Evidence of commercial success of NuVasive's surgical platform/procedure is "only significant if there is a nexus between the claimed inventions [claims at issue in this litigation] and the commercial success." *Ormac Corp. v. Align Tech, Inc.,* 463 F.3d 1299, 1311-12 (Fed. Cir. 2006). "If the commercial

success is due to an unclaimed feature of the device [or system], the commercial success is irrelevant." *Id.*

It is not enough, therefore, for Mr. Inglish to demonstrate that NuVasive's surgical platform/procedure is commercially successful. To be relevant, that success must be related to the inventions of the patents-at-issue. Mr. Inglish, however, acknowledged in his expert report that he had "no opinions as to whether a nexus exists between the success of NuVasive's MAS Platform/XLIF procedure and the merits of the claimed inventions taught by the patents-in-suit." [Doc. No. 255-5 at ¶ 5, fn. 4.] That nexus, he understood, would be provided by the expert testimony of Dr. Youssef. *Id.* Thus, Alphatec moves to exclude Mr. Inglish's testimony about the commercial success of the NuVasive surgical platform/procedure because no nexus evidence was provided by Dr. Youssef.

Dr. Youssef did not include commercial success as one of the secondary considerations of nonobviousness in his validity opinion. [Doc. No. 259-2 at ¶¶1329-1367.] In his expert report supporting NuVasive's damage theories [Doc. No. 259-3], however, Dr. Youssef opines on the "primary criteria surgeons consider when using/adopting a lateral platform" and then addresses the patented inventions embodied in the NuVasive (and Alphatec) platforms/procedures that, in his opinion, provide these critical aspects that the customers want, i.e., the drivers of the commercial success of the platforms/procedures. [Id., at ¶¶ 16-24.] Dr. Youssef's opinion and analysis is not labeled "nexus between the patented inventions and the commercial success of the NuVasive (and Alphatec) platforms/procedures." The opinion, however, is present in his report and provides foundation for the relevance of Mr. Inglish's analysis of the commercial success of NuVasive's surgical platform/procedure.

The motion to exclude Mr. Inglish's testimony on the commercial success of NuVasive's MAS Platform/XLIF procedure is therefore DENIED.

**IV.   Stephen Kunin**

Mr. Kunin, a consultant on patent practice and a former deputy commissioner with the PTO, was designated by NuVasive to provide expert testimony on patent office practice

and procedures regarding the duty of disclosure and Alphatec's inequitable conduct allegations. As NuVasive noted this defense is entirely equitable in nature and thus not an issue for a jury to decide. [Doc. No. 259, at 20.] The Court has bifurcated the inequitable conduct defense and will hold a bench trial on this issue if needed following the jury trial. Consequently, Mr. Kunin will not be called to testify in the jury proceedings. The motion to exclude his testimony is deemed moot. Whether Mr. Kunin may provide testimony in the bench trial is reserved for a later time.

### V. Conclusion

As discussed above, it is hereby **ORDERED** that Alphatec's motion is **DENIED** as to the testimony of Dr. Youssef and Mr. Inglish, and deemed **MOOT** as to the testimony of Mr. Kunin.

It is **SO ORDERED**.

Dated: April 30, 2020

Hon. Cathy Ann Bencivengo
United States District Judge