**WILSON SONSINI GOODRICH & ROSATI P.C.**
PAUL D. TRIPODI II (SBN 162380)
ptripodi@wsgr.com
WENDY L. DEVINE (SBN 246337)
wdevine@wsgr.com
NATALIE J. MORGAN (SBN 211143)
nmorgan@wsgr.com
633 West Fifth Street, Suite 1550
Los Angeles, CA 90071
Telephone: 323-210-2900
Fax: 866-974-7329

**Hilgers Graben PLLC**
MICHAEL T. HILGERS (*Pro Hac Vice*)
mhilgers@hilgersgraben.com
575 Fallbrook Blvd, Suite 202
Lincoln, NE 68521
Telephone: 402-218-2106
Fax: 402-413-1880

*Attorneys for Plaintiff NuVasive, Inc.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| NUVASIVE, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ALPHATEC HOLDINGS, INC., a Delaware corporation, and ALPHATEC SPINE, INC., a California corporation,<br><br>    Defendants. | Case No. 18-cv-00347-CAB-MDD<br><br>**NUVASIVE, INC.'S MOTION TO EXCLUDE UNTIMELY, UNSUPPORTED, AND IMPROPER EXPERT OPINIONS**<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>Judge: Hon. Cathy Ann Bencivengo<br>Magistrate Judge: Mitchell D. Dembin |

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................... 1

II.  THE COURT SHOULD EXCLUDE DR. SACHS' OPINIONS ABOUT SALES OF EMBODYING PRODUCTS ........................................... 1

III. THE COURT SHOULD EXCLUDE EVIDENCE OF ALTERNATIVE IMPLANT DESIGNS ..................................................................................... 2

IV. THE COURT SHOULD EXCLUDE EVIDENCE OF AN ALTERNATIVE TWO-BLADED RETRACTOR DESIGN .......................... 4

V.  THE COURT SHOULD EXCLUDE DR. UGONE'S REASONABLE ROYALTY OPINIONS THAT ARE CONTRARY TO LAW ....................... 6

# TABLE OF AUTHORITIES

**CASES**                                                            **PAGE(S)**

*Apple, Inc. v. Samsung Elecs. Co.*,
    No. 11-cv-01846-LHK, 2012 WL 3155574 (N.D. Cal. Aug. 2, 2012) ............................................................................................... 4

*Asia Vital Components Co., Ltd. v. Asetek Danmark A/S*,
    377 F. Supp. 3d 990 (N.D. Cal. 2019) ............................................... 4

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993) ........................................................................... 1

*Eakin Enters., Inc. v. Specialty Sales LLC*,
    No. 11-CV-02008-LJO, 2012 WL 2445154 (E.D. Cal. June 26, 2012) ............................................................................................... 1

*Electromotive Div. of Gen. Motors Corp. v. Transp. Sys. Div. of Gen. Elec. Co.*, 417 F.3d 1203 (Fed. Cir. 2005) ........................................... 1

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
    318 F. Supp. 1116 (S.D.N.Y.1970) ................................................... 6

*In re Grand Jury Proceedings (Malone)*,
    655 F.2d 882 (8th Cir. 1981) ............................................................. 3

*Lucent Techs., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009) ......................................................... 6

*Nationwide Transp. Fin. v. Cass Info. Sys.*,
    523 F.3d 1051 (9th Cir. 2008) ........................................................... 1

*Phoenix Techs. Ltd. v. VMWare, Inc.*,
    No. 15-CV-01414-HSG, 2017 WL 1957042 (N.D. Cal. May 11, 2017) ............................................................................................... 4

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*,
    259 F.3d 1101 (9th Cir. 2001) ........................................................... 2

**RULES**

Fed. R. Civ. P. 26(e)(1) ................................................................................................ 2

Fed. R. Civ. P. 37(c)(1) ............................................................................................ 1, 2

Fed. R. Civ. Evid. 702 .................................................................................................. 1

## I. INTRODUCTION

NuVasive moves this Court **(1)** to exclude, under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), Dr. Sachs' opinion that NuVasive sold or offered for sale products embodying the '156 and '334 Patents prior to March 29, 2004, **(2)** to exclude, under Federal Rule of Civil Procedure 37(c)(1), expert opinions regarding hypothetical alternative designs for implants, **(3)** to exclude, under the same rule, expert opinions regarding hypothetical alternative two-bladed designs for retractors, and **(4)** to exclude under *Daubert*, Dr. Ugone's opinions regarding uncertainty surrounding the validity of the Implant Patents.

## II. THE COURT SHOULD EXCLUDE DR. SACHS' OPINIONS ABOUT SALES OF EMBODYING PRODUCTS

Federal Rule of Evidence 702 limits the admission of expert testimony and district courts must "ensure that any and all scientific testimony . . . is not only relevant, but reliable." *Daubert*, 509 U.S. at 589. Alphatec's technical expert, Dr. Barton Sachs asserts in his expert report that "NuVasive recorded actual sales of [embodying implants] . . . before March 29, 2004." Ex. 1 (Sachs 11/20/20 Rpt.) at ¶ 312. "Whether an invention was on sale within the meaning of § 102(b) is a question of law." *Electromotive Div. of Gen. Motors Corp. v. Transp. Sys. Div. of Gen. Elec. Co.*, 417 F.3d 1203, 1209-10 (Fed. Cir. 2005); *see also Eakin Enters., Inc. v. Specialty Sales LLC*, No. 11-CV-02008-LJO, 2012 WL 2445154, at *6 (E.D. Cal. June 26, 2012). Dr. Sachs has admitted he is not an expert in commercial sales, Ex. 2 (Sachs 1/11/21 Tr.) at 218:19-22, and even if he were, "an expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law." *Nationwide Transp. Fin. v. Cass Info. Sys.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (citation omitted).

Furthermore, Dr. Sachs' expert report discloses no "reliable principles or methods" that inform his review of NuVasive's sales history. Rather, Dr. Sachs simply speculates about the meaning of various NuVasive emails and spreadsheets. *See, e.g.*, Ex. 1 (Sachs 11/20/20 Rpt.) at ¶ 314 ("The spreadsheet indicates 'Sales

Actuals' in February of 15 'PEEK CR-X' which I understand to be Cement Restrictor XL/PEEK CR-XL/PEEK CR-X/CoRoent XL implants."). The Court should preclude Dr. Sachs from offering any opinions as to whether NuVasive sold or offered for sale any embodying implants before March 29, 2004.

### III. THE COURT SHOULD EXCLUDE EVIDENCE OF ALTERNATIVE IMPLANT DESIGNS

In rebuttal expert reports, Alphatec first surfaced four untimely and unsupported hypothetical "design arounds" involving different numbers and configurations of radiopaque markers and different sizes of implants. *See* Ex. 3 (Sachs Rebuttal 12/18/20 Rpt.) at ¶¶ 342-61. Alphatec's damages expert Keith Ugone purports to rely on discussions with Dr. Sachs regarding these design arounds for purposes of Dr. Ugone's lost profits analysis. Ex. 4 (Ugone Rebuttal 12/18/20 Rpt.) at ¶¶ 9.a.ii., 21 (Table 3), 74 n.171. Dr. Ugone's rebuttal report also included an untimely and unsupported contention that Alphatec could have implemented a hypothetical "porous titanium implant around the time of the February 2017 hypothetical negotiation." *Id.* at ¶ 68. NuVasive moves to strike those paragraphs and preclude testimony about those alternatives because Alphatec failed to disclose them during fact discovery and they are unsupported.

Federal Rules of Civil Procedure 37(c)(1) and 26(e)(1) require a party to supplement and correct its interrogatory responses in a timely manner and prevent a party from using evidence that was not so disclosed unless justified or harmless. The Court has "particularly wide latitude" to exclude evidence under Rule 37(c)(1) and Alphatec bears the burden of proving harmlessness. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001).

Beginning in April 2018, NuVasive served interrogatories seeking Alphatec's identification of any non-infringing potential alternatives that Alphatec would rely on to challenge NuVasive's claim for lost profits. *See* Ex. 5 (NuVasive's First Set of Interrogs.) at 8-9; Ex. 6 (NuVasive's Third Set of Interrogs.) at 4. On the last day of fact discovery, Alphatec disclosed for the first

time the mere *possibility* of designing its own implants with "different numbers, types, and/or placements of the radiopaque markers." *See* Ex. 7 (Alphatec's Suppl. Resp. to Interrogs. Nos. 2, 7, 11, and 17) at 21. It did not provide any designs, nor did it contend it could have changed any dimensions or developed a hypothetical porous titanium implant by February of 2017. *Id.* NuVasive relied on Alphatec's contentions regarding non-infringing alternatives during discovery and served opening expert reports on November 20, 2020 addressing each non-infringing alternative Alphatec *had* disclosed during fact discovery.

As noted above, after fact discovery closed and NuVasive served its opening expert reports, Dr. Sachs's rebuttal report proposed alternative implant designs for the first time. These previously undisclosed designs changed the numbers, types, and placement of the radiopaque markers, and the implant's size (a modification not mentioned in Alphatec's interrogatory responses). When asked about these designs, Dr. Sachs testified that Alphatec's proposed design arounds "were conveyed to [Dr. Sachs] through counsel, in counsel's interaction with engineers from Alphatec," Ex. 2 (Sachs 1/11/21 Tr.) at 242:10-14, and that he did not speak to any Alphatec engineers, *id*. at 242:19-22, or discuss the designs "with anybody from Alphatec," *id*. at 243:11-16. Alphatec claimed privilege[1] over the discussions with counsel, blocking NuVasive's only avenue to discover the purported bases for these designs. *Id*. at 245:11-247:3; *see also id.* at 247:14-24; 255:18-256:4.

Dr. Ugone cites purported discussions with Dr. Sachs as the only source of his "understanding that Alphatec could have implemented an acceptable non-infringing alternative to the Implant Patents by (a) modifying the marker configuration on its PEEK implant and (b) slightly changing the PEEK implant dimensions." Ex. 4 (Ugone Rebuttal 12/18/20 Rpt.) at ¶ 74 nn. 171 and 172. But Dr. Sachs testified emphatically that he did not know Dr. Ugone or have any

---

[1] Alphatec cannot cloak non-privileged information in privilege merely by making its counsel the conduit for delivering that information to Dr. Sachs. *See In re Grand Jury Proceedings (Malone)*, 655 F.2d 882, 886 (8th Cir. 1981).

discussions with him. Ex. 2 (Sachs 1/11/21 Tr.) at 270:6 ("No, I don't know Keith [U]gone"); 270:11-13 ("No, I haven't had any discussions with Keith [U]gone"). Thus, Dr. Ugone's understanding regarding the untimely hypothetical implant designs are unsupported, as are any opinions based on that understanding.

Dr. Ugone's rebuttal report also included an untimely and unsupported contention that Alphatec could have implemented a hypothetical "porous titanium implant around the time of the February 2017 hypothetical negotiation." Ex. 4 (Ugone Rebuttal 12/18/20 Rpt.) at ¶ 68. Alphatec never disclosed such a contention in its discovery responses nor did it provide any discovery regarding this hypothetical porous titanium implant. Dr. Ugone does not address this hypothetical design anywhere in his report. Thus, Alphatec's contention regarding a hypothetical porous titanium implant is untimely and unsupported.

Alphatec should have disclosed these designs in an amended interrogatory response, *see Asia Vital Components Co., Ltd. v. Asetek Danmark A/S*, 377 F. Supp. 3d 990, 1004 (N.D. Cal. 2019), and its failure to do so is neither substantially justified nor harmless, *see Apple, Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK, 2012 WL 3155574, at *5 (N.D. Cal. Aug. 2, 2012) (finding harm from failure to disclose non-infringement contention until rebuttal reports). Alphatec's failure to timely disclose alternative designs has prejudiced NuVasive by denying it "the ability to explore the particular theories of [non-]infringement against it." *See Phoenix Techs. Ltd. v. VMWare, Inc.*, No. 15-CV-01414-HSG, 2017 WL 1957042, at *7 (N.D. Cal. May 11, 2017). That Alphatec resisted basic inquiries about these designs under a misguided privilege assertion only exacerbates the prejudice to NuVasive. Thus, the Court should strike Alphatec's untimely and unsupported design arounds and preclude testimony regarding them.

### IV. THE COURT SHOULD EXCLUDE EVIDENCE OF AN ALTERNATIVE TWO-BLADED RETRACTOR DESIGN

NuVasive asked Alphatec to identify any non-infringing alternatives for the Access Patents in April 2018. Ex. 5 (NuVasive's First Set of Interrogs.) at 8-9; Ex.

6 (NuVasive's Third Set of Interrogs.) at 4. Again, Alphatec waited until the last day of discovery in the access phase of the case to claim it "had the capabilities and the expertise to develop a two-bladed retractor pursuant to [a patent license from Warsaw Orthopedic, Inc.]"[2] Ex. 7 (Alphatec's Suppl. Resp. to Interrogs. Nos. 2, 7, 11, and 17) at 56. As with the untimely and unsupported expert opinions on implant design arounds, Alphatec provided no details about the design of this retractor and identified this contention after NuVasive had served its expert reports and taken all relevant fact depositions. And although Dr. Sachs offered no opinions on this hypothetical two-bladed retractor, Dr. Ugone purported to rely on it in his rebuttal report in that phase of the case. *See* Ex. 8 (Ugone 12/4/19 Rpt.) at ¶ 6.a.

Since then, discovery has been limited to implant issues, *see* Doc. No. 292 ("Joint Discovery Plan") at 2. But now Alphatec has injected more untimely contentions into rebuttal expert reports, as Dr. Ugone now contends that Alphatec launched a new lateral procedure with a two-bladed access system. Ex. 4 (Ugone Rebuttal 12/18/20 Rpt.) at ¶ 64. Before Alphatec surfaced this untimely contention, NuVasive asked Alphatec's 30(b)(6) witness about this two-bladed retractor system. Alphatec objected as irrelevant and the witness refused to answer questions about it. Ex. 9 (Aleali 10/30/20 Tr.) at 53:2-54:11, 68:6-69:18. Additionally, Alphatec's 30(b)(6) representative confirmed that Alphatec had not produced any sales information regarding this new retractor. *Id*. at 181:20-183:9. As with its alternative implant design theory, Alphatec has attempted to sneak new contentions in through rebuttal expert reports and has failed to satisfy its obligation to update and amend its responses to contention interrogatories during discovery. Thus, Alphatec should be prevented from presenting evidence on this issue.

---

[2] Alphatec has a nonexclusive license to US Patent Nos. 6,945,933, 7,625,379, and 8,486,083 from Warsaw, dated January 22, 2016, and amended January 1, 2020. Pursuant to this license, Alphatec did not receive access to any other technology or intellectual property.

## V. THE COURT SHOULD EXCLUDE DR. UGONE'S REASONABLE ROYALTY OPINIONS THAT ARE CONTRARY TO LAW

When a party employs the hypothetical negotiation framework for assessing reasonable royalty damages, a core assumption is that the asserted patent claims are deemed to be valid and infringed. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324-25 (Fed. Cir. 2009); *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1122 (S.D.N.Y.1970). Alphatec's damages expert Keith Ugone used the hypothetical negotiation framework and acknowledged his analysis utilizes an assumption that the patents are *valid* and infringed. Ex. 4 (Dr. Ugone Rebuttal 12/18/20 Rpt.) at ¶¶ 133.a, 138.a, n.378 ("The assumption that the Patents-in-Suit are valid, enforceable, and infringed is a **required assumption of** the hypothetical negotiation construct.") (emphasis added). In Dr. Ugone's opinions regarding the hypothetical negotiation, he improperly considers an invalidity ruling regarding numerous claims of the Implant Patents. Ex. 4 (Dr. Ugone Rebuttal 12/18/20 Rpt.) at ¶ 137.b. Going further, Dr. Ugone opines that "uncertainty surrounding the validity of the Implant Patents would have placed additional downward pressure on the to-be-determined royalty amount for Alphatec's hypothetical license to the Implant Patents." *Id*. Dr. Ugone's opinion in this regard violates one of the core required assumptions of the hypothetical negotiation framework and should be excluded.

Dated: January 26, 2021

**WILSON SONSINI GOODRICH & ROSATI**

By: _____
Paul D. Tripodi II (SBN162380)
*Attorney for Plaintiff NuVasive, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document has been served on this date to all current and/or opposing counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ.L.R. 5.4(d). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed this 26th day of January 2021 at Los Angeles, California.

By: /s/ Soo Kim
SOO KIM