# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NUVASIVE, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ALPHATEC HOLDINGS, INC., a Delaware corporation and ALPHATEC SPINE, INC., a California corporation,<br><br>　　　　　Defendants. | Case No. 3:18-CV-00347-CAB-MDD<br><br>**ORDER DENYING MOTION TO STRIKE INVALIDITY CONTENTIONS**<br><br>[Doc. No. 296] |

Before the Court is plaintiff NuVasive Inc.'s motion to strike the invalidity contentions of defendants Alphatec Holdings, Inc. and Alphatec Spine, Inc. (jointly "Alphatec"). [Doc. No. 296.] NuVasive alleges Alphatec infringes U.S. Patent No. 8,187,334 ("the '334 patent") and its continuation U.S. Patent No. 8,361,156 ("the '156 patent"), directed at spinal implants. At the onset of this litigation, Alphatec moved for a stay of the proceedings regarding these patents and submitted them to the Patent and Trademark Office ("PTO") for inter partes review ("IPR"). The PTO's final written decision found that Alphatec did not establish its invalidity challenges. [Doc. No. 288]

The stay in the litigation was lifted and Alphatec served updated invalidity contentions in accordance with the Court's scheduling order. In those contentions,

Alphatec challenges the validity of the '334 patent and '156 patent based on 35 U.S.C. § 102(b), asserting the claimed invention was on sale in the United States more than a year before the patents' earliest filing date.[1]  Alphatec also challenges the validity of these patents based on 35 U.S.C. § 112 assertions of indefiniteness.

NuVasive moves to strike these invalidity contentions on the grounds that Alphatec is statutorily estopped from pursuing these invalidity challenges, as they could have been brought before the PTO in the IPR.  See 35 U.S.C. § 315(e) (petitioner may not assert that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during the inter partes review.)

Regarding the section 102(b) contention, NuVasive argues that a NuVasive marketing document identified in Alphatec's contentions [Doc. No. 296-4] as part of its evidence of on-sale bar was easily discoverable and therefore could have been included Alphatec's petition for IPR challenging the validity of these patents. Therefore, NuVasive asserts that Alphatec should be estopped from raising this defense in this litigation.

This assertion evoking an equitable right is tainted by NuVasive's own conduct in this litigation.  This District's patent local rules required NuVasive to produce with its first preliminary infringement contentions any documents that evidence offers to sell or sale of the claimed invention prior to the application date for the patents in suit. Patent L.R. 3.2(a).  This "easily discoverable" document from NuVasive's own archival website [Doc. No. 296-1, at 13] allegedly evidencing sales of the invention more than a year before the patent filing date was not produced by NuVasive in this litigation until the close of fact discovery. NuVasive claims that it had no institutional knowledge of these earlier sales and therefore never performed the simple search that resulted in discovery of this document.  But NuVasive argues a diligent search by Alphatec would have discovered it before Alphatec filed for IPR

---

[1] The parties agree these patents are subject to pre-AIA provisions.

and therefore Alphatec should be barred now from raising an on-sale bar defense in this litigation. The Court is not persuaded that NuVasive is excused from the same level of diligent inquiry regarding first sales of its invention that it seeks to impose on Alphatec when NuVasive repeatedly verified that the first sales occurred after the filing date but now concedes that evidence of its earlier sales was easily discoverable.

Regardless of whether Alphatec could have discovered NuVasive's marketing materials that support its evidence of sales one year prior to the patents' filing date, NuVasive's argument fails. IPR is limited to section 102 anticipation and section 103 obviousness challenges based prior art consisting of patents or printed publications. 35 U.S.C. § 311(b). Challenges based on the on-sale bar, patent-ineligible subject matter, or on grounds of indefiniteness are properly raised in the district court. *See Synopsys, Inc. v. Mentor Graphics Corp.*, 814 F.3d 1309, 1316 (Fed. Cir. 2016). The cases cited by NuVasive regarding printed publications disclosing prior art products or systems for purposes of anticipation or obviousness challenges that were or could have been offered in an IPR subsequently estopping those invalidity challenges when a party seeks to substitute the product in lieu of the publication at trial are not on point. NuVasive as provided no authority that Alphatec could have raised an on-sale bar challenge or an indefiniteness challenge to the patents in IPR.

Statutory estoppel does not apply to either the on-sale bar or indefiniteness challenges asserted by Alphatec. The motion is DENIED.

It is **SO ORDERED**.

Dated: April 13, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge