NIMALKA R. WICKRAMASEKERA (SBN: 268518)
nwickramasekera@winston.com
DAVID P. DALKE (SBN: 218161)
ddalke@winston.com
LEV TSUKERMAN (SBN: 319184)
ltsukerman@winston.com
WILLIAM M. WARDLAW (SBN: 328555)
wwardlaw@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:   (213) 615-1750

GEORGE C. LOMBARDI (*pro hac vice*)
glombardi@winston.com
BRIAN J. NISBET (*pro hac vice*)
bnisbet@winston.com
SARANYA RAGHAVAN (*pro hac vice*)
sraghavan@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

CORINNE STONE HOCKMAN (*pro hac vice*)
chockman@winston.com
WINSTON & STRAWN LLP
800 Capitol Street, Suite 2400
Houston, TX 77002-2529
Telephone: (713) 651-2600
Facsimile: (713) 651-2700

Attorneys for Defendants
ALPHATEC HOLDINGS, INC. AND ALPHATEC SPINE, INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA – SAN DIEGO DIVISION

| | |
|---|---|
| NUVASIVE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALPHATEC HOLDINGS, INC., a Delaware corporation and ALPHATEC SPINE, INC., a California corporation,<br><br>Defendants. | **Case No. 18-CV-00347-CAB-MDD**<br><br>**DEFENDANTS' OBJECTION TO NUVASIVE'S BENCH MEMORANDUM REGARDING PRIORITY DATE RAISING NEW SUMMARY JUDGMENT ARGUMENTS**<br><br>**Judge:** Hon. Cathy Ann Bencivengo<br>**Courtroom:** 4C |

In its memorandum to the Court, NuVasive introduced a new theory in support of its motion for summary judgment—that the provisional application "inherently" discloses adequate written description to support the claimed inventions of the implant patents. Doc. No. 321 at 4. NuVasive also raised new case law on the merits of summary judgment. Because these arguments are new, Alphatec respectfully requests the Court strike NuVasive's new argument and case law for the following reasons.

First, NuVasive did not raise this new theory on summary judgment, and it is therefore now waived. Second, NuVasive's new theory, rooted in "***undisclosed*** yet inherent properties" contained in the provisional application, *id.*, contradicts its old argument that "the provisional application discloses the claimed implant." Doc. No. 303-1 at 36–37. Third, NuVasive's new theory is inconsistent with NuVasive's statements to the patent office, which Alphatec outlined at Doc. No. 306 at 31–32. Fourth, Alphatec has never conceded that the "radiopaque markers" claimed in the implant patents are disclosed the provisional application. Doc. No. 306 at 29–30.

Nor do NuVasive's newly cited cases compel summary judgment here. For example, in *Yeda Rsch. & Dev. Co. v. Abbott GMBH & Co. KG*, 837 F.3d 1341 (Fed. Cir. 2016), unlike here, the Board of Patent Appeals and Interferences resolved factual disputes as the trier of fact in an interference proceeding, which were reviewed for substantial evidence and affirmed on appeal. *Id.* at 1344, 1346. Critically, in *Yeda*, the parties did not dispute that the claimed protein was the "***only*** protein" that could have the partial amino acid sequence and additional traits disclosed in the earlier application. *Id.* at 1345. Finally, the Court held that the undisclosed but inherent limitations were not material to patentability. *Id.* This is not analogous because, as set out in Alphatec's opposition, the provisional application discloses the opposite implant dimensions as ultimately claimed and does not at all disclose radiopaque markers. *See* Doc. No. 306 at 25–32.[1]

---

[1] NuVasive's remaining cases are similarly inapposite. *Cooper Cameron Corp. v.*

In sum, the Court should strike and disregard NuVasive's new theory and added case law in support of its motion for summary judgment.

Dated: April 28, 2021        WINSTON & STRAWN LLP

By: /s/ *Nimalka R. Wickramasekera*
NIMALKA R. WICKRAMASEKERA

Attorneys for Defendants
ALPHATEC HOLDINGS, INC. AND
ALPHATEC SPINE, INC.

---

*Kvaerner Oilfield Prods., Inc.*, 291 F.3d 1317, 1320, 1322–23 (Fed. Cir. 2002) (earlier application shared "identical written description" with patent); *Allergan, Inc. v. Sandoz Inc.*, 796 F.3d 1293, 1302–03, 1309 (Fed. Cir. 2015) (extrinsic clinical protocol could not be used to show inventors had "possession of the claimed invention" before filing date); *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 655 F.3d 1364, 1372 (Fed. Cir. 2011) (district court improperly "narrowed the scope of the provisional application based on an added example in the later-filed non-provisional application").

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed with the Court's CM/ECF system which will provide notice to all counsel deemed to have consented to electronic service. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing document by mail on this day.

I declare under penalty of perjury under the Laws of the United States of America that the above is true and correct. Executed this 28th day of April 2021 at Los Angeles, California.

Dated: April 28, 2021      WINSTON& STRAWN LLP

By: /s/ *Nimalka R. Wickramasekera*
NIMALKA R. WICKRAMASEKERA