**WILSON SONSINI GOODRICH & ROSATI P.C.**
WENDY L. DEVINE (SBN 246337)
wdevine@wsgr.com
NATALIE J. MORGAN (SBN 211143)
nmorgan@wsgr.com
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105-1126
Telephone: 415-947-2000
Fax: 415-947-2099

MORRIS FODEMAN (*Pro Hac Vice*)
mfodeman@wsgr.com
1301 Avenue of the Americas, 40th Floor
New York, NY  10019-6022
Telephone: 212-999-5800
Fax: 212-999-5899

**Hilgers Graben PLLC**
MICHAEL T. HILGERS (*Pro Hac Vice*)
mhilgers@hilgersgraben.com
575 Fallbrook Blvd, Suite 202
Lincoln, NE 68521
Telephone: 402-218-2106
Fax: 402-413-1880

*Attorneys for Plaintiff NuVasive, Inc.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| NUVASIVE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALPHATEC HOLDINGS, INC., a Delaware corporation, and ALPHATEC SPINE, INC., a California corporation,<br><br>Defendants. | CASE NO.:  18-cv-00347-CAB-MDD<br><br>**NUVASIVE, INC'S RESPONSE TO DEFENDANTS' OBJECTION TO NUVASIVE'S BENCH MEMORANDUM REGARDING PRIORITY DATE RAISING NEW SUMMARY JUDGMENT ARGUMENTS [DOC. NO. 323]**<br><br>Judge: Hon. Cathy Ann Bencivengo<br>Magistrate Judge: Mitchell D. Dembin |

1       Alphatec's request that the Court "strike NuVasive's new argument and case law" from NuVasive's Bench Memorandum should be denied. Doc. No. 323 at 2. NuVasive's Bench Memorandum does <u>not</u> put forward any new theories in support of its motion for summary judgment and all of the cases NuVasive cites in the Bench Memorandum are directly related to the question the Court asked the parties to address: whether the Court or a jury should decide which priority date to apply to the Implant Patents.

      As discussed in NuVasive's Bench Memorandum the Federal Circuit's decision in *Yeda Rsch. & Dev. Co. Ltd. v. Abbott GmbH & Co. KG*, 837 F.3d 1341 (Fed. Cir. 2016) is consistent with NuVasive's summary judgment contentions. In addressing the priority date for a patent that contained more information about a particular limitation than was described in the priority application, <u>the Court</u> concluded that the priority date applied <u>as a matter of law</u> because the limitation in question was disclosed in the priority application. *Id.* at 1345. NuVasive noted that similar logic applies here to support the conclusion that <u>the Court</u> should decide the priority date question as a matter of law. Doc. No. 321 at 4. Alphatec's flyspecking notwithstanding, this is not a "new" legal theory, but instead is the same theory NuVasive put forward in summary judgment. Doc. No. 303-1 at 40 ("[B]ecause the Provisional Application describes the spike elements 7, 8, 9 as preferably being made of 'radiopaque' material, a skilled artisan would immediately recognize that the spike elements would serve the dual purpose of facilitating radiographic visualization."); *id.* at 40-41 (citing testimony from Alphatec's expert witness confirming that the sole purpose for making spikes "radiopaque" is to facilitate radiographic visualization); *id.* at 41 ("Radiopaque materials are, by definition, visible in an x-ray."); Doc. No. 311 at 12-13.[1]

---

[1] To be clear, NuVasive **never** argued, as Alphatec's Objection incorrectly claims, that the claimed implant's "radiopaque markers" are an "**undisclosed** yet
(continued...)

NUVA'S RESPONSE TO ATEC'S OBJECTION TO       1       18-cv-00347-CAB-MDD
BENCH MEMORANDUM RE PRIORITY DATE

As for Alphatec's charge that NuVasive's Bench Memorandum cites "new case law on the merits of summary judgment," it is not clear what Alphatec is complaining about. NuVasive addressed the Court's question about whether priority date is a legal question amenable to summary judgment. Indeed, Alphatec itself cites numerous cases in its own Bench Memorandum not previously raised in its summary judgment submissions. Doc. No. 322 at 2-4.

In any case, the Court need not trouble itself with Alphatec's objections. NuVasive's arguments and legal theory in support of its motion for summary judgment on the issue of priority date ***remain unchanged***: there can be no genuine dispute of fact that the provisional application discloses the claimed implant and therefore NuVasive is entitled to the March 29, 200<u>4</u> priority date as a matter of law.

---

inherent propert[y]" in the provisional application. Doc. No. 323 at 2. Rather, it has always been NuVasive's position that by disclosing "spike elements" made of "radiopaque" material, the provisional application indisputably disclosed the "radiopaque marker" limitation. Doc. No. 303-1 at 40-41.

| | |
|---|---|
| 1  Dated: April 29, 2021 | **WILSON SONSINI GOODRICH & ROSATI, P.C.** |
| 2 | By: /s/ *Wendy L. Devine* |
| 3 | Wendy L. Devine (SBN 246337) |
|   | Natalie J. Morgan (SBN 211143) |
| 4 | One Market Plaza |
| 5 | Spear Tower, Suite 3300 |
|   | San Francisco, California 94105-1126 |
| 6 | Tel: 415-947-2000 |
| 7 | |
| 8 | Morris Fodeman, *pro hac vice* |
|   | 1301 Avenue of the Americas, 40th Floor |
| 9 | New York, NY 10019-6022 |
|   | Tel: 212-999-5800 |
| 10 | |
| 11 | **HILGERS GRABEN PLLC** |
|    | Michael T. Hilgers, *pro hac vice* |
| 12 | mhilgers@hilgersgraben.com |
| 13 | 575 Fallbrook Blvd., Suite 202 |
|    | Lincoln, NE 68521 |
| 14 | Tel: 402-218-2106 |
| 15 | |
| 16 | |
|    | *Attorneys for Plaintiff NuVasive, Inc.* |

NUVA'S RESPONSE TO ATEC'S OBJECTION TO
BENCH MEMORANDUM RE PRIORITY DATE         3                    18-cv-00347-CAB-MDD

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document has been served on this date to all current and/or opposing counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ.L.R. 5.4(d). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed this 29th day of April 2021 at San Diego, California.

By: _/s/ Arlene Apodaca_
ARLENE APODACA