1  **HILGERS GRABEN PLLC**
2  MICHAEL MERRIMAN (SBN 234663)
   mmerriman@hilgersgraben.com
3  655 West Broadway, Suite 900
   San Diego, CA 92101
4  Telephone: 619-369-6232
5  Facsimile: 402-413-1880

6
7  TRENT TANNER *(pro hac vice)*
   ttanner@hilgersgraben.com
8  575 Fallbrook Blvd. Suite 202
   Lincoln, NE 68521
9  Telephone: 402-260-1391
10 Facsimile: 402-413-1880

11 JENNIFER ERICKSON BAAK *(pro hac vice pending)*
12 jericksonbaak@hilgersgraben.com
13 600 17th Street, Suite 2800
   Denver, CO 80202
14 Telephone: 773-407-5502
15 Facsimile: 402-413-1880

16 *Attorneys for Movant Gregory Lucier*
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF GREG LUCIER                               18-cv-00347-MDD-CAB

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| NUVASIVE, INC., a Delaware corporation,<br><br>　　Plaintiff,<br><br>　　v.<br><br>ALPHATEC HOLDINGS, INC., a Delaware corporation, and ALPHATEC SPINE, INC., a California corporation,<br><br>　　Defendants. | Case No.<br><br>**DECLARATION OF MOVANT GREGORY LUCIER IN SUPPORT OF MOTION TO QUASH TRIAL SUBPOENA** |

I, Gregory T. Lucier, declare as follows:

1. I have personal knowledge of the facts set forth in this declaration and, if called to testify, could and would competently testify to these facts.

2. In 2014, I became a member of the Board of Directors for NuVasive, Inc.

3. In 2015, I became NuVasive's Chairman and CEO.

4. I resigned as CEO of NuVasive in November 2018.

5. I resigned from NuVasive's Board of Directors in May 2021. Since that time, I have had no affiliation with NuVasive.

6. During my time at NuVasive, I was not directly involved with NuVasive's efforts concerning its physician relationships.

7. I am not a design engineer by training or education. I was not at NuVasive during the period in which XLIF technology was being designed and developed, which I understand took place in the early-to-mid 2000s, nor did I have any role in seeking or obtaining any of the patents covering NuVasive's XLIF technology or surgical methods.

8. In January 2020, I was deposed by Alphatec in this case. A true and correct copy of certain excerpts of my deposition transcript are enclosed herein as Exhibit 1.

9. I moved to Aspen, Colorado in early 2020. I have worked and resided in Aspen since that time.

10. I own the home where I live in Aspen.

11. I currently hold a valid Colorado driver's license.

12. I do not currently hold a California driver's license.

13. My motor vehicles are registered in Colorado.

14. I do not own any vehicles registered in California.

15. I am currently registered to vote in Colorado.

16. I am not currently registered to vote in California.

17. I am presently employed as the CEO of Corza Health, Inc. I am also the Chairman of the Board of Directors for Corza Health. I have held these positions since approximately April 2019.

18. Corza Health partners with private equity to acquire, build, and scale health and life sciences companies.

19. Corza Health is a Delaware corporation, with offices in Del Mar, California.

20. Only two Corza Health employees work out of its Del Mar office.

21. I do not have my own dedicated office or work space in Corza Health's Del Mar office. Rather, I use a visitor's office that others can use when they visit from out of town.

22. Corza Health also maintains an office in Aspen, Colorado, which is my regular place of business.

23. When conducting business for Corza Health, I do so principally from Corza Health's Aspen office, or at business meetings and events that occur outside of California.

24. I do not pay any income taxes to the state of California for income I receive from Corza Health.

25. I am also the Executive Chairman of Corza Medical, a separate entity whose global headquarters are in Massachusetts, and which has several offices around the world. Corza Medical does not have any offices in California.

26. Before moving to Colorado, I resided and owned a home in Encinitas, California (the "Encinitas Property").

27. When I moved to Colorado, I transferred ownership of the Encinitas Property to an irrevocable trust for the benefit of my children (the "Trust"). I maintain no control over the Trust or the Encinitas Property and have no ability to dispose of the Encinitas Property. I understand that the Trust is presently renting the property out as a vacation home. Every time I have stayed in the Encinitas Property

1 since moving to Colorado, I have paid rent to the Trust to do so.

2      28.    I do not currently own any property in California.

3      29.    Since moving to Colorado, I have returned to the San Diego area (i.e., within 100 miles of the federal courthouse in San Diego) a number of times, including approximately 17 times in 2020 and approximately 20 times in 2021. I have traveled to the San Diego area once thus far in 2022 and currently have plans for one more trip in February 2022 (to attend a wedding). However, the predominant purpose of these trips was for leisure and not to conduct or transact business in person.

10     30.    Corza Health reimbursed my airfare expenses for approximately three trips in 2020 and six trips in 2021. Corza Health did not reimburse my lodging expenses for any of these trips.

13     31.    During my trips to the San Diego area, I have a practice of visiting the Corza Health offices in Del Mar, typically once or twice per trip. My visits to Corza Health's Del Mar office are incidental to my leisure travel and not the purpose or motivation for the travel. When I visit Corza Health's office in Del Mar, I typically spend just a few hours at the office, mainly to greet and interact with my co-workers and respond to emails. I rarely conduct or participate in business meetings or otherwise engage in any meaningful business activities while visiting Corza Health's Del Mar office.

21     32.    In my role as CEO of Corza Health, I regularly travel to other states, especially in the Northeast (such as Pennsylvania), for the purpose of conducting business on behalf of the company, including to visit company customers and to explore potential investment opportunities for the company.

25     33.    Corza Health has never acquired or invested in any companies located in or near San Diego, nor has Corza Health ever seriously considered or explored the possibility of doing so. Corza Health has also never acquired or invested in any companies based anywhere in California.

DECLARATION OF GREG LUCIER                                    18-cv-00347-MDD-CAB

34. I serve on the boards of directors for a number of companies, including Denstply Sirona, Inc. (a Delaware corporation based in North Carolina), Catalent, Inc. (a Delaware corporation based in New Jersey), Berkeley Lights, Inc. (a Delaware corporation based in Emeryville, California), Maravai LifeSciences Holdings, Inc. (a Delaware company based in Del Mar, California), and Epic Sciences, Inc. (based in San Diego, California).

35. I joined Maravai's board of directors in late 2020. In 2021, I attended two Maravai board meetings in person in San Diego. Besides attending board meetings, I am not actively involved in the day-to-day activities of Maravai, nor do I perform any other service for Maravai, in San Diego or otherwise.

36. In my role as chairman of the board of directors of Epic Sciences, I do not regularly travel to or transact business in person in or near San Diego. In 2021, I attended two Epic Sciences board meetings in person in San Diego. Besides attending board meetings, I am not actively involved in the day-to-day activities of Epic Sciences, nor do I perform any other service for Epic Sciences, in San Diego or otherwise.

37. On December 26, 2021, while on vacation in San Diego with my family over the Christmas holiday, a man delivered a subpoena to me at the Encinitas Property, which I was renting from the Trust during our two-week stay. This subpoena commanded me to appear to testify at the *NuVasive v. Alphatec* trial on January 18, 2022, which I understand has since been rescheduled. Along with the subpoena, I was given a check for $51.00. I have not cashed the check.

38. On or about January 4, 2022, a man delivered three subpoenas to my home in Aspen, Colorado, commanding me to appear to testify on each of February 28, 2022, April 4, 2022, and May 9, 2022. True and correct copies of these subpoenas are enclosed herein as Exhibit 2. At that time, I did not receive any check or other payment from the process server or Alphatec in connection with these subpoenas.

39. I was not present at the meeting that took place between Alphatec and NuVasive in early 2016 regarding the potential acquisition of Alphatec. I do not have any knowledge regarding which Alphatec products, if any, may have been shown or described at that meeting. I believe that NuVasive's former executive and board member, Pat Miles, was present at that meeting.

40. Should the Court require my personal attendance at trial, I would be unavailable to testify between March 1 and March 4, 2022, because I have to attend an investor meeting for Corza Health in Colorado, and between March 10 and March 11, 2022, because I have a previously scheduled medical procedure that cannot be moved from March 11, 2022.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of February 2022 in Aspen, Colorado.

_____
Greg Lucier