**WILSON SONSINI GOODRICH & ROSATI P.C.**
MORRIS FODEMAN (*pro hac vice*)
mfodeman@wsgr.com
WENDY L. DEVINE (SBN 246337)
wdevine@wsgr.com
NATALIE J. MORGAN (SBN 211143)
nmorgan@wsgr.com
12235 El Camino Real
San Diego, CA 92130
(858) 350-2300

**HILGERS GRABEN PLLC**
MICHAEL T. HILGERS (*pro hac vice*)
mhilgers@hilgersgraben.com
575 Fallbrook Blvd, Suite 202
Lincoln, NE 68521
(402) 218-2106

*Attorneys for Plaintiff NuVasive, Inc.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SAN DIEGO DIVISION

| | |
|---|---|
| NUVASIVE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALPHATEC HOLDINGS, INC., a Delaware corporation, and ALPHATEC SPINE, INC., a California corporation,<br><br>Defendants. | CASE NO.: 18-cv-00347-CAB-MDD<br><br>**NUVASIVE INC'S BENCH BRIEF REGARDING NEXUS AND XLIF**<br><br>Judge: Hon. Cathy Ann Bencivengo<br>Magistrate Judge: Mitchell D. Dembin<br>Courtroom: 15A<br><br>PER CHAMBERS RULES NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT<br><br>Trial: 3/1/2022 |

NUVASIVE'S BENCH BRIEF RE NEXUS
AND XLIF

18-cv-00347-CAB-MDD

Controlling Federal Circuit law dictates that whether there is nexus, including the question of whether there is a presumption of nexus, between evidence of secondary considerations and the asserted claims is a ***question of fact*** for the jury. *Teva Pharms. Int'l GmbH v. Eli Lilly & Co.*, 8 F.4th 1349, 1361 (Fed. Cir. 2021); *Fox Factory, Inc. v. SRAM, LLC*, 944 F.3d 1366, 1373-74 (Fed. Cir. 2019); *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1331 (Fed. Cir. 2016). The Federal Circuit has also "repeatedly stressed" that evidence of secondary considerations "must be considered in every case" and it is thus "[legal] error not to consider" such evidence when it is presented. *WBIP, LLC*, 829 F.3d at 1328; *In re Huai-Hung Kao*, 639 F.3d 1057, 1067-68 (Fed. Cir. 2011). Alphatec ignores and blatantly mischaracterizes this law, as well as the facts, in an attempt to prevent the jury from considering precisely such evidence of nonobviousness regarding NuVasive's patented lateral system. Because Alphatec's objections constitute legal error, they should be overruled.

## I.    ARGUMENT

Alphatec asserts that NuVasive's proprietary NVM5 neuromonitoring platform (earlier known as "Neurovision") is a required component of XLIF, yet is allegedly not covered by NuVasive's asserted claims. Thus (per Alphatec), because the surgical procedure that is XLIF is not "coextensive" with the asserted claims, there can legally be no nexus between XLIF and the claimed invention, and NuVasive should not be permitted to show the jury any evidence of secondary considerations related to the procedure or NuVasive's lateral system that is used to perform the procedure. Ex.[1] A (2/28/22 Status Conf. Hr'g Tr.) at 4:21-6:19, 7:7-8:10 (citing *Teva v. Eli Lilly*); Ex. B (3/2/22 Hr'g Tr.) at 220:1-4 (citing *NuVasive,*

---

[1] "Ex." refers to the exhibits to the Declaration of Christina Dashe submitted in support of the current motion.

*Inc. v. Iancu*, 752 F. App'x 985 (Fed. Cir. 2018))[2].  Alphatec is wrong on both the facts and the law.

As an initial matter, the *Teva* decision cited by Alphatec, far from requiring a legal conclusion of no nexus, instead holds the opposite: the issue of whether XLIF is coextensive with the claims and whether there is nexus or a presumption of nexus ***is one for the jury to decide***.  Specifically, in *Teva*, the Federal Circuit held that a patent owner is entitled to a presumption of nexus for secondary considerations if it shows that its evidence is tied to a specific product and the product is the invention claimed; this presumption can be rebutted if it is shown the product is not "coextensive" with the patented invention.  *Teva*, 8 F.4th at 1360-61 (citing *Fox Factory, Inc. v. SRAM, LLC*, 944 F.3d 1366, 1373 (Fed. Cir. 2019)).  Entirely contrary to Alphatec's description of *Teva*, the Federal Circuit also explicitly held that: (a) the mere presence of unpatented components in a patented product – even ones that might materially affect the functioning of that product – do not themselves defeat the presumption of nexus; and (b) most importantly, "whether a product is coextensive with the patented invention, and therefore whether a presumption of nexus is appropriate in a given case, is a ***question of fact***."  *Teva,* 8 F.4th at 1361-62 (rejecting the argument for a bright-line rule that the presumption of nexus is defeated whenever a patented product contained unpatented components that materially affected the workings of that product) (emphasis added).  Thus, the precedent Alphatec relies upon rejects the very bright-line rule Alphatec insists should be applied here.  Instead, the *Teva* Court expressly stated that a rule precluding a nexus finding when the patented product contains additional components not covered by the claims that materially affects functionality "would be unsound."  *Id.* at 1361.  This is because if there was such a

---

[2] In subsequent correspondence between counsel, Alphatec confirmed the Federal Circuit decision cited during the March 2, 2022 hearing was *NuVasive v. Iancu*.  Ex. C.

bright-line rule "nexus would rarely, if ever attach because ***virtually every
innovative product inevitably has some unclaimed feature that materially affects
its functionality***." *Id.* (emphasis added).  Accordingly, the Court "emphasize[d]
that the question [of] whether the presumption of nexus applies in each case turns
on the nature of the claims and the specific facts" which must be determined by the
fact finder, here the jury.[3]  *Id.*

Moreover, ***even if*** this Court chose to take what the Federal Circuit has said
is a factual issue from the jury and decide that there is no presumption of nexus
(which NuVasive contends is contrary to such authority), the Federal Circuit has
further recognized that "a finding that a presumption of nexus is inappropriate does
not end the inquiry into secondary considerations…[t]o the contrary, the patent
owner is still afforded an opportunity to prove nexus." *Fox Factory*, 944 F.3d at
1373-74, 1378.  Indeed, Courts recognize that, in view of *Fox Factory* and other
controlling Federal Circuit law, it is reversible error to prevent the patent owner
from presenting secondary considerations evidence to the jury on the grounds of no
nexus. *Leviton Mfg. Co. v. Pass & Seymour, Inc.*, No. 17-cv-46 (BMC), 2021 WL
1648229, at *4-6 (E.D.N.Y. Apr. 27, 2021) (ordering a new trial and finding that
"[t]he Court's rulings [excluding secondary considerations evidence] encroached
into the province of the fact-finder, for the jury should have been the one to decide
whether there was a sufficient nexus between the proffered evidence and the
[claims] to warrant affording any weight to that evidence"); *see also CIVIX-DDI,
LLC v. Hotels.com, L.P.*, No. 05 C 6869, 2012 WL 6591684, at *6 (N.D. Ill. Dec.

---

[3] Alphatec also noted, without any further explanation, that NuVasive "ha[s]
patents" on its proprietary neuromonitoring platform.  Ex. A at 6:1. However, the
Federal Circuit has also explicitly recognized that the mere presence of separate
patents does not by itself defeat the presumption of nexus; instead, the fact finder
must compare the specific inventions claimed in each patent.  *Fox Factory*, 944
F.3d at 1377-78.  Yet Alphatec has not cited a single patent purportedly covering
NuVasive's NVM5 platform, let alone explain how any such patent relates to the
asserted ones here.  Nor has Alphatec ever asserted any such position in any
discovery response or expert disclosure.

18, 2012) ("the Court will not strip the jury of the question of whether a sufficient nexus exists between [the patent owner's] evidence and the invention simply because [the accused infringer] argues [the patent owner] will not ultimately prevail on this issue"). Thus, regardless of whether the tools used to perform an XLIF are "coextensive" with the claims due to the use of certain unpatented neuromonitoring components in the procedure, NuVasive is still entitled to prove to the jury that its "evidence of secondary consideration is the direct result of the unique characteristics of the claimed invention" within its patented lateral system rather than any unpatented elements. *Fox Factory*, 944 F.3d at 1373-74, 1378.

Alphatec's assertion that the Federal Circuit held that "XLIF requires Neurovision" ("NVM5") (Ex. B at 220:1-4) again misstates the law and the facts. Alphatec identified *NuVasive v. Iancu* as supposedly supportive of this assertion, but Alphatec is wrong. *See* Ex. C. The Federal Circuit in *NuVasive v. Iancu* merely noted that ***multiple components*** are needed to perform an XLIF procedure, only one of which is NVM5, and it expressly listed NuVasive's lateral access system as another component needed. 725 F. App'x. at 995. Moreover, many of NuVasive's lateral system components are indisputably patented ***and*** needed to perform (and integral to performing) an XLIF surgical procedure. For example, this lateral system specifically includes patented components that allow for "the big hurdles [to] be overcome" of navigating around the nerves in the psoas muscle, such as: (a) the neuromonitoring-enabled dilators, without which the neuromonitoring itself will not work; and (b) a retractor specifically designed to integrate with these dilators and be inserted and opened in a specific way that also assists in avoiding nerve damage. *See* Ex. B at 218:9-219:19, 220:9-11. Alphatec is thus entirely wrong when it asserts the unpatented NVM5 is the ***only*** thing that "enabled XLIF to succeed." Ex. A at 8:3-5.

Regardless, Alphatec's assertions regarding *NuVasive v. Iancu* and NVM5 are also legally irrelevant.  Under *Teva* and *Fox Factory*, the mere fact that XLIF may contain both patented and unpatented components (even if these unpatented components may be material to the functioning of the claimed invention, which NuVasive disputes) does not compel any sort of conclusion that there is no nexus between evidence of secondary considerations arising from the XLIF procedure and the use of the components and tools to perform that procedure, and the asserted claims, let alone preclude NuVasive from entirely presenting such evidence to the jury.  *Teva*, 8 F.4th at 1361-62; *Fox Factory*, 944 F.3d at 1373-74.  Instead, the Federal Circuit has recognized that it is up to the jury to decide nexus based on "the nature of the claims and the specific facts."  *Teva*, 8 F.4th at 1362.

Finally, and most importantly, *NuVasive v. Iancu*, consistent with *Teva* and *Fox Factory*, found that even if NuVasive's evidence of secondary considerations related NuVasive's lateral system and procedure "did not come entirely" from the patented elements of the claims but also from unpatented elements, "this does not mean that there is no nexus between the claimed invention and the XLIF procedure."  *NuVasive v. Iancu*, 725 F. App'x at 995-996 (finding there was nexus).  That is why in this case NuVasive should be permitted to (and intends to) put on evidence regarding why the unique features of XLIF are the "direct result" of the overall patented lateral system, which includes a specific retractor with specific features, a releasable intradiscal shim, and neuromonitoring enabled access equipment.  NuVasive is also entitled to rebut Alphatec's assertions that the unique features of XLIF are instead due to any unpatented components of NVM5 (e.g., the specific source of the electrical stimulation).  Because it is plainly a factual matter for the jury to decide whether NuVasive's evidence is persuasive, the jury is entitled to hear it.

## II.    CONCLUSION

For the foregoing reasons, NuVasive respectfully requests that the Court overrule Alphatec's objections and permit NuVasive to present its evidence of secondary considerations relating to NuVasive's patented lateral system.

Dated: March 4, 2022                **WILSON SONSINI GOODRICH & ROSATI**

By:  /s/ Wendy Devine
Wendy L. Devine

Morris Fodeman (*pro hac vice*)
mfodeman@wsgr.com
1301 Avenue of the Americas, 40th Floor
New York, NY  10019-6022
(212) 999-5800

Wendy L. Devine (SBN 246337)
wdevine@wsgr.com
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105-1126
(415) 947-2000

Natalie J. Morgan (SBN 211143)
nmorgan@wsgr.com
12235 El Camino Real
San Diego, CA 92130
(858) 350-2300

HILGERS GRABEN PLLC
Michael T. Hilgers (*pro hac vice*)
mhilgers@hilgersgraben.com
575 Fallbrook Blvd., Suite 202
Lincoln, NE 68521
(402) 218-2106

*Attorneys for Plaintiff NuVasive, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a true and correct copy of the foregoing document has been served on this date to all current and/or opposing counsel of record, if any to date, who are deemed to have consented to electronic service via the Court's CM/ECF system per Civ.L.R. 5.4(d). Any other counsel of record will be served by electronic mail, facsimile and/or overnight delivery.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed this 4th day of March 2022 at San Diego, California.


By: */s/ Arlene Apodaca*
ARLENE APODACA